J. Baluta *v.* Glen Alden Coal Company.

Argued March 8, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellant.

*E. C. Marianelli,* for appellee.

OPINION BY PARKER, J., April 25, 1933:

Joseph Baluta, the claimant in this case, was injured on September 17, 1929, in the course of his employment, by the premature discharge of an explosive. An open agreement was entered into on January 3, 1930, providing for payment of compensation for total disability, and on February 3, 1930, a supplemental agreement was made cancelling the open agreement and providing for compensation for a definite period of 75 3/7 weeks for disfigurement, which agreement was approved by the Workmen's Compensation Board on February 26th. Prior to the making of the supplemental agreement, the total disability was terminated, but claimant's face was seriously and permanently disfigured. The second agreement described the injury for which the compensation was fixed as, "Contusions and lacerations of face, neck, chest and left

arm; disfigurement.'' It seems clear to us that the
supplemental agreement of February, 1930, was one
fixing the term and payments to be made for disfigure-
ment, which is compensable under schedule (c) of
section 306 of the Workmen's Compensation Act.
Payments under this agreement ceased on March
7, 1931, and on September 25, 1931, Baluta filed
a petition for modification. This application was
crudely drawn but was intended and treated as an ap-
plication to have the period fixed for disfigurement
increased. The evidence offered in support of the
petition to modify was brief and, aside from an offer
of the agreement asked to be modified and orders made
thereon, consisted of the testimony of claimant that
he was thirty-seven years of age; that prior to the ac-
cident his face was normal; that there was no change
in the condition of his face between the time when the
agreement was signed and the time when he testified;
and an exhibition of his face to the referee for obser-
vation. There was dictated into the record a descrip-
tion of the appearance of his face and the marks there-
on. The referee modified the supplemental agreement
by increasing the period of payments to 140 weeks
with credit for payments made. On appeals the board
and common pleas court upheld the action of the
referee.

Claimant in his printed brief maintains that the
agreement fixing the period of compensation was based
on a mistake of fact because the referee and board
have now found that that period should be greater,
and relies upon the first paragraph of Section 413 (77
PS 771) of the compensation law as authority for
the order and judgment. He depends upon an alleged
mistake of fact and not a mistake of law. It is true
that when the compensation authorities on competent
evidence find facts showing disfigurement of the head
or face and measure the extent of that injury by ap-

praising it in terms of weekly compensation within the maximum, such determination is a finding of fact: Walsh v. Glen Alden, 99 Pa. Superior Ct. 58. It does not follow, however, that because another referee or board would fix a different period as the measure of liability than that fixed by the agreement of the parties fairly entered into, there is such a mistake of fact as is referred to in the first paragraph of section 413. The disfigurement is precisely the same as it was when the agreement was made. The elemental facts were the appearance of the head and face and the seriousness and permanence thereof, and as to these there is no evidence of mistake. There was likewise not any evidence that improper legal principles were applied. It is doubtful if any two persons would agree upon precisely the same measure, and the law has left the amount to be determined within certain limits to the agreement of the parties or, in the absence of such agreement, to be fixed by the Workmen's Compensation authorities. Section 407 (77 PS 731) of the same act provides for the making of agreements and the parties are protected by Section 409 (77 PS 733) which requires such agreements to be referred to and approved or disapproved by the board. Such agreements would serve no purpose in cases of disfigurement if they could be set aside for such reasons as are here suggested.

In any event, the application of the claimant was made too late. The scope of the two paragraphs of Section 413 has been a subject of careful consideration by this court in Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94; DeJoseph v. Std. S. Car Co., 99 ibid. 497; and in the late cases of Savidge v. Dime Trust & Safe Deposit Co., 108 Pa. Superior Ct. 333, 164 Atl. 734, and Zupicick v. P. & R. C. & I. Co., 108 Pa. Superior Ct. 165, 164 Atl. 731, in the latter of which cases we

said: "Its first paragraph (77 P. S. Sec. 771), relates to the review, and modification or setting aside of *existing compensation agreements* on the ground of fraud, coercion, or other improper conduct of a party, or when the agreement was founded on a mistake of law or fact." In the Savidge case we said: "Moreover, the first paragraph of Section 413 applies only to existing agreements, and the mistakes contemplated therein must have occurred at the time the agreements were executed." The agreement in the present case had been terminated more than six months before the application for modification was presented, and there was not, therefore, at that time an existing compensation agreement.

The judgment of the lower court is reversed and here entered for the defendant.