Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Norman R. Adams *v.* Ambrosia Coal & Construction Co. and Old Republic Insurance Company, Appellants.

Argued March 5, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Michael D. McDowell,* with him *George H. Thompson,* and *Hirsch, Weise & Tillman,* for appellants.

*Francis X. Caiazza,* with him *Dlugokenski, Caiazza & Lamancusa,* and *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, March 25, 1976:

This is an appeal from a decision of the Workmen's Compensation Appeal Board setting aside a referee's decision favorable to a claimant and remanding the matter to the referee for further hearing.

The appellee, Norman Adams, was injured at work for Ambrosia Coal & Construction Co. on May 18, 1972. The parties executed an open agreement for compensation for total disability on July 2, 1972. On January 10, 1973, they entered into a supplemental agreement for compensation for 50% partial disability. On July 9, 1973, the appellee filed a petition for modification of the supplemental agreement, alleging total disability. After hearings, the first of which was on July 2, 1974, a referee found that the claimant "is now totally and permanently disabled as a result of the injuries of May 18, 1972"; he made no finding of increased disability after the date of the supplemental agreement. On appeal by the employer and its insurer the Workmen's Compensation Appeal Board, as we have noted, set aside the referee's award and remanded. In this their further appeal, the employer and its insurer ask us to reverse not only the Board's order of remand but also the referee's award of compensation. Since the latter action would require us to make a finding that the claimant's condition had not changed from one of partial to total disability or that his physical condition had not deteriorated after the date of the supplemental agreement, a function not committed to us, it must be rejected out-of-hand. *Cerny v. Schrader & Seyfried, Inc.*,       Pa.    , 342 A.2d 384 (1975).

On the matter of the propriety of the appeal from the Board's order of remand, the employer relies on *United Metal Fabricator, Inc. v. Zindash*, 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973). Ordinarily orders of remand are interlocutory and hence not appealable. *Workmen's Compensation Appeal Board v. Calder Manufacturing Co.*, 21 Pa. Commonwealth Ct. 528, 346 A.2d

834 (1975). In *Zindash, supra,* we entertained such an appeal, reversed an order of remand and denied compensation to a claimant who had clearly failed to prove an industrial accident and who had been denied an award by the referee for this reason. We concluded that a rehearing would serve no purpose except to delay an inevitable decision against the claimant. The facts of the instant case are quite different. Here the claimant won before the referee. At the referee's hearing the claimant's counsel stated his intention to prove that his client signed the supplemental agreement under a misunderstanding and the referee seems to have persuaded counsel that medical proofs should suffice for this purpose. That evidence then produced seemed to establish that the claimant was at all times subsequent to the accident and down to the date of the hearing unable to perform his former work, and the employer produced no evidence that there was light work suitable to his condition available. Our review of the record compels us to agree with the Board that, although the present record contains no evidence of an increase of disability after the date of the supplemental agreement, the claimant should be given a further opportunity to explain why he signed an agreement for partial disability at a time when he was, as the medical evidence shows, totally disabled.

Having determined that the employer has appealed from an interlocutory order, we further conclude that this appeal should be and it hereby is quashed.