Ambrosia Coal & Construction Co. and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Norman R. Adams, Respondents.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*George H. Thompson,* with him *Hirsch, Weise & Tillman,* for petitioners.

*Francis X. Caiazza,* with him *Caiazza & Lamancusa,* for respondents.

OPINION BY JUDGE BLATT, May 9, 1979:

The Ambrosia Coal & Construction Company (employer) and its insurer, the Old Republic Companies, have appealed to this Court from an order of the

Workmen's Compensation Appeal Board (Board). The Board affirmed a referee's decision granting a modification petition filed by Norman R. Adams seeking reinstatement of a compensation agreement for payment of total disability benefits.[1]

The claimant's petition asked to modify a supplemental agreement which he had previously signed and which altered an original agreement by reducing his stated disability from total to 50 percent. The referee found that the supplemental agreement was incorrect in that the claimant at the time he signed it was then and remained totally disabled and that

> Claimant executed the supplemental agreement under a misunderstanding that if he did not sign it, he would not get his checks and the claimant was informed by the adjustor for the defendant carrier, in addition, that it would be more beneficial to him as he would get smaller checks but would get them for a much longer period of time.

These findings are supported by the testimony of the claimant's physician[2] as well as of the claimant and of his wife.[3] The employer argues, however, that be-

---

[1] This case was previously before us on this same issue, at which time we agreed with the Board the case should be remanded so that the claimant could "explain why he signed an agreement for partial disability when he was, as the medical evidence shows, totally disabled." *Workmen's Compensation Appeal Board v. Ambrosia Coal & Construction Co.*, 24 Pa. Commonwealth Ct. 169, 354 A.2d 263 (1976).

[2] The testimony of the claimant's physician clearly established that the type of work he could perform was very limited. In such a case the claimant is entitled to a finding of total disability unless the employer can demonstrate that there is employment available which the employee could perform. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968).

[3] Contrary to the argument of the employer, the testimony of the claimant and his wife as to the representations of the adjustor was not improperly admitted hearsay evidence, because the state-

cause there is no evidence that the claimant's physical condition deteriorated after the supplemental agreement was executed, the referee had no authority to reinstate the original agreement. We disagree.

Under Section 413(a) of The Pennsylvania Workmen's Compensation Act,[4]

[a] referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of proceedings under any petition pending before such referee, if it be proved that such notice of compensation was in any material respect incorrect.

Having found the supplemental agreement incorrect, the referee properly modified it by reinstating the original agreement even though the evidence did not show that the claimant's disability has increased. *See Guzik v. Laurel Ridge Construction Co.*, 196 Pa. Superior Ct. 586, 176 A.2d 183 (1961).

The order of the Board is therefore affirmed.

ORDER

AND Now, this 9th day of May, 1979, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed. Judgment is hereby entered in favor of the claimant, Norman R. Adams, and against the employer, Ambrosia Coal & Construction Company, and its insurer, Old Republic Companies. The employer and/or its insurer are directed to pay the claimant $94.00 per week beginning January 12, 1973, for so long as he remains per-

---

ments were offered, not for the truth of the matter asserted therein, but only to prove that they were made. *See Commonwealth v. Wright*, 455 Pa. 480, 317 A.2d 271 (1974).

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

manently disabled. The employer shall receive credit for compensation paid. Accrued compensation shall bear the statutory interest rate of 10 percent.