Walter F. Furmanek, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Consolidation Coal Company, Respondents.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Ronald I. Zero,* with him *J. Scott Leckie,* for petitioner.

*Thomas C. Reed,* with him *R. Henry Moore, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* for respondent, Consolidation Coal Company.

OPINION BY JUDGE MENCER, February 2, 1982:

This is an appeal by Walter F. Furmanek (claimant) from an order of the Workmen's Compensation

Appeal Board (Board) which affirmed a referee's decision dismissing his claim petition and disallowing workmen's compensation benefits. We vacate and remand.

On April 30, 1974, the claimant suffered an injury to his right knee in the course of his employment with the Consolidation Coal Company (employer). As a result of that injury, a notice of compensation payable was executed by the employer for total disability. Thereafter, the claimant received weekly compensation payments of $106 from May 8, 1974 until January 18, 1976, when he returned to work. Shortly after the claimant returned to work, on January 30, 1976, he again suffered an injury to his right knee but continued to perform his work duties.

After the claimant had suffered the injury of January 30, 1976, he entered into a supplemental agreement, dated February 17, 1976, suspending his compensation payments because of his return to work. The agreement also recited that the claimant continued to suffer an undetermined amount of residual disability as a result of the April 30, 1974 injury. The claimant continued to work until April 25, 1977, when he informed the employer that he could no longer continue to work because of problems with his right knee.

On June 10, 1977, the claimant entered into a second supplemental agreement which provided for the reinstatement of his $106 weekly compensation payments based upon a recurrence of temporary total disability resulting from the injury of April 30, 1974. In September 1978, the claimant filed a petition to modify the second supplemental agreement, alleging that he suffered a new and separate injury on January 30, 1976 rather than a recurrence of the April 30, 1974 injury. After a hearing, a referee dismissed the petition, on November 7, 1978, concluding that the claimant should file a new claim petition to have his claim prop-

erly adjudicated. In response to that decision, the claimant filed a claim petition, on November 17, 1978, alleging a new and separate knee injury as of January 30, 1976. That claim petition was assigned to the same referee who, after several hearings, issued a decision on September 14, 1979.

The referee found that both the employer and the claimant knew that the claimant had suffered a new and compensable injury on January 30, 1976, at the time they executed the second supplemental agreement. The referee dismissed the claim petition, however, because he found the second supplemental agreement not to have been premised upon a mutual mistake of fact, a unilateral mistake by the claimant, fraud, or other improper conduct attributable to either party, and therefore he found it to be binding on both. The claimant appealed the referee's decision to the Board, which affirmed the referee's decision. This appeal followed.

The claimant contends that the referee erred as a matter of law by requiring a finding of mistake of fact, fraud, or improper influence as the exclusive ground for modification of the second supplemental agreement. We agree. Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended* by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. §771, provided that a referee could review and modify or set aside a supplemental agreement if it be proved that said agreement "was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact." That language was changed by Section 1 of the Act of June 4, 1937, P.L. 1552, which substituted a standard of "in any material respect is incorrect" for the above quoted language. The language of the 1937 statute was deleted by Section 1 of the Act of June 21, 1939, P.L. 520, which re-

adopted the 1919 language. The legislature enunciated the current standard in Section 3 of the Act of February 8, 1972, P.L. 25, which states:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

The most recent change in the statute's language cannot be rendered meaningless. *See City of Wilkes-Barre v. Ebert,* 22 Pa. Commonwealth Ct. 356, 349 A.2d 520 (1975). Indeed, the words of the statute are clear and must be given their plain meaning. *Commonwealth v. Mumma,* 489 Pa. 547, 414 A.2d 1026 (1980); *Erie-Western Pennsylvania Port Authority v. Rugare,* 29 Pa. Commonwealth Ct. 83, 370 A.2d 768 (1977). A relevant and significant inaccuracy in a supplemental agreement allows the referee to modify or set it aside, even absent a finding of mistake of law or fact, fraud, or overreaching. To hold otherwise would be to ignore the action of the legislature.

This position is supported by the Superior Court's interpretation of the 1937 act in *Hill v. Booth & Flynn Company,* 146 Pa. Superior Ct. 575, 23 A.2d 85 (1941). In *Hill,* the Court declared that the "in any material respect" language of the statute rendered superfluous a referee's finding that a supplemental agreement was founded upon mistakes of law and fact. Similarly, the referee's findings in the instant case that the second supplemental agreement was not premised upon a mistake of law or fact did not render him powerless to modify or set aside that agreement. He explicitly found that both the claimant and the employer knew

that the claimant had suffered a new and separate injury at the time they entered into the second supplemental agreement. That agreement, therefore, which regarded the January 30, 1976 injury as a recurrence of the April 30, 1974 injury was simply incorrect. Because the claimant may be entitled to receive $87 per week more in compensation if the January 30, 1976 injury was a new and separate one rather than a recurrence, the inaccuracy was material. Although it seems clear that the second supplemental agreement should be set aside, we must remand the case because the act invests the referee with the discretion to modify or set aside a supplemental agreement.

Accordingly, we enter the following

ORDER

AND Now, this 2nd day of February, 1982, the order of the Workmen's Compensation Appeal Board, dated February 21, 1980, affirming the dismissal of Walter F. Furmanek's claim petition of November 17, 1980, is hereby vacated and the case remanded to the referee for a determination consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.