601 A.2d 1322

**BUDD COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL
BOARD (BRADLEY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 1991.

Decided Jan. 7, 1992.

Petition for Allowance of Appeal Denied May 26, 1992.

534

Frederick J. Gentile, for petitioner.

Brian R. Steiner, for respondent.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Budd Company (employer) appeals a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to modify a supplemental agreement between the employer and Vincent Bradley (claimant), entered into pursuant to Section 407 of The Pennsylvania Workmen's Compensation Act (Act)[1]. We affirm.

On June 8, 1987, the claimant suffered a work-related injury to his head. A notice of compensation payable was executed on June 23, 1987. The claimant returned to work on July 6, 1987. A final receipt was executed on July 9, 1987.

Approximately six weeks later, the claimant and the employer entered into a supplemental agreement (agreement). By its terms, the employer agreed to pay the claimant compensation of $361.00 a week for six weeks for the facial scar resulting from the claimant's injury. The claimant signed the agreement, drafted by the employer, without benefit of legal counsel. It was neither witnessed nor dated. Pursuant to the agreement, the employer delivered a check for $2,166.00 to the claimant in October 1987. The claimant did not cash the check.[2]

On June 20, 1988, the claimant filed a petition for review of the agreement with the Board. The claimant asserted that six weeks of compensation for this injury was unconscionable. The referee entered an order modifying the agreement and awarding the claimant eighty weeks of compensation. The employer appealed to the Board which affirmed the referee's decision.

On appeal to this Court, the employer argues that the referee had no authority to modify the agreement. The claimant also petitions for counsel fees pursuant to Pa.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 731.

2. The check was in the possession of the claimant's counsel in the hearings before the referee. When the employer's counsel refused to accept the return of the uncashed check, the referee suggested that the claimant mail it to the employer.

R.A.P. 2744. The petition is consolidated with the employer's appeal on the merits.

## I. THE REFEREE'S AUTHORITY TO MODIFY

Section 413(a) of the Act authorizes a referee, at any time, to modify a supplemental agreement "if it be proved that ... [the] agreement was in any material respect incorrect." 77 P.S. § 771.

The employer argues that an insufficient award does not fall within the statutory standard for modification. In support of its argument, the employer cites *Baluta v. Glen Alden Coal Co.*, 109 Pa.Superior Ct. 66, 165 A. 764 (1933). In *Baluta*, the superior court addressed a petition for modification of a supplemental agreement on the basis of insufficient compensation for a disfigurement. The agreement was reviewed and approved by the Board. Payments, pursuant to the approved agreement, had ceased six months prior to filing the petition for modification.

The superior court expressed reluctance at setting aside an agreement which was referred to and approved by the Board. The court noted that the parties were protected by the provision of the Act which required such review and approval. The court's decision to deny the petition ultimately turned on the fact that the supplemental agreement was not a then existing agreement appropriate for modification.

Unlike *Baluta*, the agreement which set forth the compensation in this case was not approved by the Board nor was compensation paid out pursuant to the agreement.

Further, *Baluta* was governed by statutory language which required proof that the supplemental agreement "was procured by the fraud, coercion, or other improper conduct of a party, or was founded upon a mistake of law or of fact...." Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 731.[3] Based on this standard and the petitioner's argument, the superior court concluded that there was no

---

3. This language was adopted by Section 6 of the Act of June 25, 1919, P.L. 642.

*mistake of fact,* as contemplated under Section 771, where "another referee or board would fix a different period as the measure of liability than that fixed by the agreement of the parties fairly entered into...." *Baluta,* 109 Pa.Superior Ct. at 68, 165 A. at 764.

Significantly, this case is governed by a different standard. The statutory language which controlled *Baluta* was changed by Section 1 of the Act of June 4, 1937, P.L. 1552, which substituted the standard "in any material respect incorrect" for the above quoted language.[4] As a result, a referee may modify or set aside an agreement, "even absent a finding of mistake of law or fact, fraud or overreaching." *Furmanek v. Workmen's Compensation Appeal Bd.,* 64 Pa.Commonwealth Ct. 367, 370, 439 A.2d 1359, 1361 (1982).

█ Though pure mistakes of fact and law clearly remain within the standard, *see e.g., Reed v. Workmen's Compensation Appeal Bd.,* 499 Pa. 177, 452 A.2d 997 (1982), their absence does not otherwise render a referee powerless to modify an agreement. *Hill v. Booth & Flinn Co.,* 146 Pa.Superior Ct. 575, 23 A.2d 85 (1941).[5] The standard also reaches agreements based on claimant's misunderstandings of their rights under the Act, *Ambrosia Coal & Constr. Co. v. Workmen's Compensation Appeal Bd.,* 42 Pa.Commonwealth Ct. 512, 400 A.2d 1377 (1979) and agreements which fail to reflect the extent of a claimant's disability. *Litton Indus. v. Workmen's Compensation Appeal Bd. (Christner),* 78 Pa.Commonwealth Ct. 79, 466 A.2d 1114 (1983).

In this case, the referee identified three bases for modification of the agreement: (1) the inadequacy of the compensation, (2) the lack of a date on the agreement itself and (3)

4. The language of the 1937 statute was deleted by Section 1 of the Act of June 21, 1939, P.L. 520, which readopted the 1919 language. The current standard, adopted in Section 3 of the Act of February 8, 1972, P.L. 25, readopted the 1937 language.

5. In *Hill,* the Pennsylvania Superior Court noted that findings that a supplemental agreement was based upon mistakes of law and fact are superfluous under the statutory language "in any material respect incorrect."

the lack of a witness attesting the claimant's signature. In affirming the referee, the Board concluded that "[t]he discrepancy here . . . between six weeks and eighty weeks is sufficiently great as to arise to the level of making the Supplemental Agreement materially incorrect." Bd. Op., Reproduced Record (R.R.) at 45a.[6]

None of the elemental facts—the claimant's appearance, the seriousness of the disfigurement nor its permanence—is at issue. The dispute rests solely on the adequacy of the compensation set forth in the agreement.

■ Section 306(c)[7] of the Act establishes the maximum compensation for disfigurement of the head. It contains no standards or guidelines to assist the referee in fixing the appropriate number of weeks to be awarded in a disfigurement case. Once the referee determines, as a matter of fact, that a claimant's scarring rises to the level of a compensable disfigurement, the Act clearly vests him with the authority to find the factual elements necessary to support an award and the discretion to set the compensation up to a maximum of two hundred and seventy-five weeks.[8]

■ The basic concern in setting aside awards based on an agreement is to assure that the compensation is fair. Where the compensation set forth in an agreement is gross-

6. The Board also noted that the bases for the referee's decision, though framed as conclusions of law, were findings of fact. Bd.Op., R.R. at 44a. We agree and emphasize that our scope of review on appeal is limited to determining whether there is competent and substantial evidence to support these findings and whether the law has been properly applied. *Magayna v. Workmen's Compensation Appeal Bd. (Jones & Laughlin Steel Corp.)*, 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

7. 77 P.S. § 513.

8. The measurement of the extent of the disfigurement in terms of weekly compensation is a finding of fact, *Baluta*, 109 Pa.Superior Ct. at 68–69, 165 A. at 764, based upon the referee's subjective evaluation, following his personal observation of the appearance of the disfigurement. *Am. Chain & Cable Co. v. Workmen's Compensation Appeal Bd. (Weaver)*, 70 Pa.Commonwealth Ct. 579, 454 A.2d 211 (1982). The referee, therefore, must make findings, supported by substantial competent evidence, to support both the award itself and the amount of the award. *Id.*

ly disproportionate to the degree of disfigurement and the compensation rights relinquished, it materially overlooks the loss resulting from the injury.

Here, the referee, based on his personal observation and description of the disfigurement, found that the employee suffered a greater disfigurement than that comprehended within the terms of the agreement. Because the agreement provided a mere six weeks of compensation in contrast with the referee's finding of eighty weeks, he concluded that the agreement was incorrect in a material respect within the meaning of Section 413(a) of the Act. Our review of the order of modification convinces this Court that the claimant met his burden of proof, that the referee acted within his powers, and that the Board's order was without any error of law.[9]

## II. COUNSEL FEES

The claimant petitioned for counsel fees pursuant to Pa.R.A.P. 2744. Rule 2744 provides that an appellate court may award counsel fees if "it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." *Id.* The petition before this court fails to satisfy any of these elements.

A frivolous appeal is one in which no justiciable question is presented and which is readily recognizable as devoid of merit and with little prospect of success. *Polinsky v. Dep't of Transp.*, 131 Pa.Commonwealth Ct. 83, 569 A.2d 425 (1990). This petition presents the question of the insufficiency of compensation as the basis for finding that a supplemental agreement is in a material respect incorrect. This is a matter of first impression before this court and suitable for judicial determination.

9. The other bases for the referee's decision are not dispositive. Neither the absence of a date on the agreement nor an attesting witness to the agreement satisfy Section 413(a).

Further, there is no evidence that the employer's appeal was taken solely for delay or that its conduct in pursuing the appeal was dilatory, obdurate or vexatious.

Accordingly, both the employer's appeal and the claimant's petition for counsel fees are denied.

### ORDER

AND NOW, this 7th day of January, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed and the claimant's petition for counsel fees is denied.

PALLADINO, Judge, concurring and dissenting.

I agree with the majority that an award of counsel fees is unwarranted in this case of first impression. I also agree that modification of the supplemental agreement in this case on the bases of the agreement's lack of date and attesting witness is not contemplated by subsection 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 771. However, I cannot agree with the conclusion of the majority that subsection 413(a) provides a referee with authority to modify a supplemental agreement simply because it is the referee's subjective opinion that the amount of compensation which the claimant and the employer mutually deemed acceptable and incorporated into their agreement was inadequate to compensate the claimant for his injuries.

Referees are authorized to modify an agreement pursuant to subsection 413(a) of the Act which states:

A referee ... may ... modify or set aside an original or supplemental agreement ... if it be proved that such ... agreement was in any material respect incorrect.

The term "in any material respect incorrect" is not defined in the Act. Where a term used in an act of the legislature is not defined, the term must be interpreted and applied according to its common and approved usage. *United States Steel Corp. v. Unemployment Compensa-*

*tion Board of Review*, 10 Pa.Commonwealth Ct. 553, 312 A.2d 460 (1973); section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903.

"Incorrect" is defined in Webster's Third New International Dictionary in pertinent part as:

1 ... not corrected ... 2 ... inaccurate, faulty ... 4 : failing to coincide with the truth: inaccurate, imprecise.

Webster's Third New International Dictionary 1145 (1986). The thrust of these definitions is that an incorrectness is objectively determinable. The dictionary definition precludes interpreting "incorrect" to mean a discrepancy based solely on opinion or other subjective factors.

Judge Alexander Barbieri in his treatise on Pennsylvania workmen's compensation supports this position. Implying that an agreement is incorrect in a material respect only when it involves an inaccuracy that is objectively ascertainable, Judge Barbieri states that modification of an agreement pursuant to subsection 413(a) is appropriate when

there has been a misstatement of wages or the extent of injuries, or there has been some failure of proper computation in arriving at the benefits payable.... [Subsection 413(a)'s] purpose is to provide a procedure for correcting errors.... [T]he first paragraph of Section 413 deals with errors at the outset in voluntary arrangements.

2 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* § 6.14(2) at 43–44 (1975).

The Pennsylvania supreme court's decisions in *Turner v. Jones & Laughlin Steel Corp.*, 479 Pa. 618, 389 A.2d 42 (1978) and *Reed v. Workmen's Compensation Appeal Board*, 499 Pa. 177, 452 A.2d 997 (1982) authorize a referee to modify an agreement when the agreement contains a material mistake that is objectively determinable.

In *Turner*, a claimant sought modification of a compensation agreement by arguing that, although the agreement normally would have maximized a claimant's income, the agreement did not do so for him because of the pecularities of his pension scheme. A referee modified the agreement.

The supreme court upheld the modification of the compensation agreement pursuant to subsection 413(a) of the Act on the ground that the agreement was materially incorrect because it contained an objectively determinable error. Specifically, the supreme court concluded:

> Both parties to this action were mistaken as to the proper application of the relevant statutory provisions when this agreement was made. In light of the liberal intent of this Act, an agreement which severely affects a claimant financially by eliminating almost $200 a month from his income is indeed materially incorrect when a substantially similar compensation under another Section for which he qualifies could preserve for him that additional income. In modifying the agreement, the referee gave [the claimant] the election which is available to him under the statute.

*Id.*, 479 Pa. at 628, 389 A.2d at 47.

The supreme court again reviewed the modification of an agreement in accordance with subsection 413(a) of the Act in *Reed.* There, the spouse of a deceased claimant sought to modify a supplemental agreement so that the agreement would not be based on total disability and therefore terminate on the claimant's death but, rather, would be based on specific loss and therefore survive the claimant. After deciding that the claimant's right to modify survived the claimant, the supreme court held that the referee properly modified the agreement because the agreement was premised on an objectively determinable error, i.e., the parties' mistaken reliance on a statutory provision under which the claimant received less compensation than was available to the claimant under an alternative, relevant statutory provision.

In both *Turner* and *Reed,* the parties' compensation agreements were mistakenly based upon statutory provisions that afforded the respective claimants less compensation than would have been available to the claimants under other applicable statutory provisions; therefore, the compensation agreements contained objectively ascertainable

errors and violated the Act. Consequently, for a compensation agreement to be "in any material respect incorrect" under the supreme court's analyses in *Turner* and *Reed,* the agreement must contain an error that is objectively determinable.

Correspondingly, the commonwealth court's decisions in *Litton Industries v. Workmen's Compensation Appeal Board (Christner),* 78 Pa.Commonwealth Ct. 79, 466 A.2d 1114 (1983), *Furmanek v. Workmen's Compensation Appeal Board,* 64 Pa.Commonwealth Ct. 367, 439 A.2d 1359 (1982), and *Ambrosia Coal & Construction Co. v. Workmen's Compensation Appeal Board,* 42 Pa.Commonwealth Ct. 512, 400 A.2d 1377 (1979) also authorize a referee to modify an agreement only if the agreement contains a material mistake that is objectively ascertainable.

In *Litton,* an employer contended that a supplemental agreement should be modified because the agreement stated that the claimant had lost the use of his right hand whereas, when the parties signed the agreement, the claimant's use of his right hand had merely been reduced by 50 percent. Explaining that, under the existing case law, the claimant could be deemed to have lost the use of his right hand for all practical intents and purposes where the claimant's hand was only partially disabled, the commonwealth court held that the supplemental agreement was not modifiable because the agreement did not contain a true mistake of fact or law when the parties entered into the agreement.

In *Furmanek,* the commonwealth court held that a supplemental agreement was modifiable because the claimant's current disability was mistakenly identified in the agreement as a recurrence of a disability stemming from a prior injury although the parties to the agreement knew that the claimant's current disability derived from a new and separate injury.

In *Ambrosia,* the commonwealth court concluded that a supplemental agreement was modifiable because the agreement mistakenly indicated that the claimant was partially disabled whereas the claimant actually was totally disabled

when the agreement was signed and the claimant had signed the agreement under a misunderstanding that, if he failed to sign the agreement, he would not receive compensation.

In *Litton, Furmanek,* and *Ambrosia,* the parties' compensation agreements were alleged to misstate material facts concerning the nature of the particular claimants' injuries; therefore, the compensation agreements were alleged to contain objectively ascertainable errors. Consequently, for an agreement to be "in any material respect incorrect" under the commonwealth court's analyses in *Litton, Furmanek,* and *Ambrosia,* the agreement must contain an error that is objectively determinable.

Nevertheless, the majority would permit a referee to modify an agreement when the compensation provided to the claimant in the agreement is, in the referee's subjective opinion, inadequate to compensate the claimant for his injury. Specifically, the majority states that, where, as here, a claimant has been disfigured, a referee may modify an agreement if the compensation provided to the claimant in the agreement is, in the referee's subjective opinion, "grossly disproportionate" to the claimant's degree of disfigurement. The majority would authorize a referee to substitute his or her own subjective opinion of adequate compensation for disfigurement in lieu of the parties' own, mutually agreed upon determination of adequate compensation for disfigurement. *See* the opinion in the present case of the Workmen's Compensation Appeal Board which perceptively noted that, when a claimant and employer submit their dispute to a referee, the number of weeks of compensation awarded by the referee for disfigurement is admittedly very subjective.

In the case now before us for disposition, claimant's counsel declared on the record before the referee that claimant was "not disagreeing with the Supplemental Agreement in any respect other than the number of weeks." Transcript of August 30, 1988, at 6. Claimant has not contended that he signed the agreement as a result of

coercion, deceit or misunderstanding, *see Reed;* or that, in computing the amount of compensation provided to claimant under the agreement, claimant and employer mistakenly relied upon a statutory provision that gave claimant less compensation than claimant could have received under another relevant statutory provision, *see Turner;* or that the agreement misstates the nature and extent of claimant's disfigurement as known to the parties when the parties signed the agreement, *see Litton; Furmanek; Ambrosia.* Claimant has not pointed to any objectively determinable error in the supplemental agreement which would justify modification of the agreement. To the contrary, claimant has requested modification of the supplemental agreement simply because claimant now wishes that he and employer had agreed to a different compensation amount.

Inasmuch as there is no objectively ascertainable error in the parties' supplemental agreement, I would hold that the parties' agreement is not subject to modification. Accordingly, I would reverse the order of the Workmen's Compensation Appeal Board.