# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aqua Pennsylvania, Inc., : 
                Petitioner : 
                 : 
          v. :   No. 1202 C.D. 2019
                 :   Submitted: December 20, 2019
Workers' Compensation Appeal : 
Board (McGonigle), : 
            Respondent : 


BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE PATRICIA A. McCULLOUGH,** Judge
                **HONORABLE ELLEN CEISLER,** Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: May 14, 2020**

Aqua Pennsylvania, Inc. (Employer) petitions for review of the Order of the Workers' Compensation Appeal Board (Board) that affirmed the Decision of a Workers' Compensation Judge (WCJ) denying Employer's Petition to Terminate Benefits (Termination Petition) and granting Kevin McGonigle's (Claimant) Petition to Reinstate Compensation Benefits (Reinstatement Petition) and Petition for Review of Utilization Review Determination (UR Petition). On appeal, Employer argues the Board erred in affirming because the evidence established that Claimant had fully recovered from his work-related injuries, had been released to his full-duty work, and the medical treatment at issue in the UR Petition was no longer reasonable and necessary as of March 6, 2017. Claimant responds Employer's arguments are based on its misunderstanding of the nature of Claimant's

work injuries and are improper credibility challenges, making Employer's appeal frivolous and, accordingly, attorneys' fees should be imposed.

## I. Background

### A. *The Petitions*

Claimant worked for Employer on its maintenance crew, a heavy-duty position. On August 3, 2015, Claimant sustained work-related injuries, which were found in a 2016 WCJ decision (2016 WCJ Decision) to be "in the nature of a lumbar disc herniation at L5-S1 and an aggravation of degenerative disc and joint disease of the lumbar spine with overlying lumbar facet syndrome, lumbosacral strain and sprain as a result of cumulative trauma from the performance of his [work] duties." (WCJ Decision, November 5, 2018 (2018 WCJ Decision), Finding of Fact (FOF) ¶ 2.) At the time of his injury, Claimant had an average weekly wage (AWW) of $1653.85. The 2016 WCJ Decision granted Claimant's Claim Petition on December 9, 2016, but suspended Claimant's benefits as of February 1, 2016, due to Claimant's return to his position without loss of earnings.

On February 8, 2017, Claimant filed the Reinstatement Petition, alleging he sustained a decrease in earning power due to the work-related injuries as of that date.[1] Employer filed the Termination Petition on July 6, 2017, averring Claimant was fully recovered from the work-related injuries as of April 18, 2017. Finally, Claimant filed the UR Petition seeking review of a Utilization Review Determination (UR Determination) that had found the treatment provided by Robert Sing, D.O., not reasonable or necessary after March 6, 2017. Answers were filed by each party, denying the material allegations of the Petitions. The Petitions were

---

[1] Claimant also filed a Penalty Petition, but later withdrew that petition.

consolidated and assigned to a WCJ, who held hearings[2] at which the parties presented documentary and testimonial evidence.

## B. Proceedings Before the WCJ

Claimant testified as follows.[3] He began working for Employer in 1999, left work due to work-related injuries on August 3, 2015, and returned to his full, heavy-duty work on February 1, 2016. (FOF ¶ 6.) Claimant again left work around August 5, 2016, because he was experiencing burning sensations in his back and throughout both of his legs. Claimant sought treatment from Dr. Sing for his ongoing complaints. Claimant received short-term disability benefits until February 2017, at which time he presented Employer with a doctor's note releasing him to light-duty work. However, Employer sent Claimant a letter indicating that he could not return to work with restrictions and that no light-duty work would be offered. Claimant filed for unemployment compensation benefits, which he received. Claimant indicated he was not fully recovered but was ready to return to his full-duty job. On August 28, 2017, Dr. Sing released him to full-duty work, but Employer would not give Claimant his job back. Employer terminated Claimant on March 8, 2018. Claimant obtained new employment earning $17.80 per hour, which he worked for about five weeks before quitting due to his need to be home for his children and that position required him to work overnight. Claimant then started working as a bus driver for a local school district, earning $19.75 per hour for 25 to 35 hours a week.

---

[2] The Petitions were initially assigned to one WCJ, who retired, at which point they were reassigned to the WCJ who issued the 2018 WCJ Decision.

[3] Claimant testified at two hearings, and the transcript of his testimony can be found at pages 20a-34a and 57a-69a of the Reproduced Record. Claimant's testimony is summarized in finding of fact 6.

Dr. Sing testified by deposition on Claimant's behalf as follows.[4] Dr. Sing, who is board certified in emergency, family, and sports medicine, first treated Claimant with physical therapy from November 2, 2015, through February 4, 2016, in addition to seeing Claimant monthly for prescription medication. At his regularly scheduled office visit on August 15, 2016, Claimant complained of severe pain in his back that radiated down both of Claimant's legs. Claimant advised Dr. Sing that Claimant had stopped working on August 9, 2016. Following his examination of Claimant, Dr. Sing restarted Claimant on physical therapy. Dr. Sing opined that Claimant sustained a work-related aggravation of his degenerative lumbar spine and L5-S1 herniated disc, and was unable to return to his full-duty position with Employer. He did, however, release Claimant to work on February 6, 2017, with lifting restrictions so long as Claimant could change position as necessary. Dr. Sing increased the amount of lifting Claimant could perform on April 11, 2017, and May 11, 2017. Despite Claimant's ongoing complaints of pain, Dr. Sing released Claimant, at Claimant's "demand," to his full-duty position contingent on Claimant stopping his narcotic pain medications, which Claimant did. (Reproduced Record (R.R) at 94a-95a.) Dr. Sing opined Claimant would always have pain and his ability to perform full-duty work depended on his ability to deal with the pain. Dr. Sing explained Claimant was not completely recovered from the work injuries set forth in the 2016 WCJ Decision and would not ever be completely recovered from those work injuries. (*Id.* at 95a.)

---

[4] The transcript of Dr. Sing's testimony can be found at pages 85a-103a of the Reproduced Record, and his testimony is summarized in finding of fact 7.

4

Employer presented the deposition testimony of Marc Manzione, M.D., a board-certified orthopedic surgeon, who testified as follows.[5] Dr. Manzione examined Claimant in April 2017 and on October 19, 2017. Following his physical examination of Claimant and a review of Claimant's medical records, including a November 21, 2017 Magnetic Resonance Image (MRI), Dr. Manzione opined that Claimant was fully recovered from his work-related injuries and capable of returning to work without restrictions that were related to those injuries. He noted the November 2017 MRI revealed no L5-S1 disc hernia or other traumatic pathology. Dr. Manzione did not return Claimant to his prior position because of Claimant's longstanding, preexisting degenerative disc disease that would continue to be harmed if Claimant returned to his full-duty work, causing additional periods of disability.

The Utilization Review Report (UR Report) of Sarah M. Reinhardt, D.O., was presented, which outlined the records she received and reviewed in analyzing Dr. Sing's treatment.[6] Dr. Reinhardt's report found Dr. Sing's treatment of Claimant, including office visits, prescriptions, and therapeutic exercises, not reasonable or medically necessary after March 6, 2017. Dr. Manzione testified he reviewed Dr. Reinhardt's UR Report and agreed with the conclusions that any treatment after March 6, 2017, was no longer reasonable or medically necessary. (FOF ¶ 8.)

---

[5] The transcript of Dr. Manzione's testimony can be found at pages 127a-57a of the Reproduced Record, and his testimony is summarized in finding of fact 8.

[6] Dr. Reinhardt's UR Report can be found at pages 179a-86a of the Reproduced Record and is summarized in finding of fact 9.

*C. 2018 WCJ Decision*

After reviewing the evidence, the WCJ found Claimant credible and convincing regarding his August 3, 2015 work injuries, his ongoing symptoms, which were supported by his medical records and diagnostic test results, and his need to leave work in August 2016 due to those injuries resulting in a recurrence in his loss of earnings. (*Id.* ¶ 10.) In crediting Claimant's testimony, the WCJ specifically noted Claimant's attempt to return to work, Employer's denial of light-duty work, and Claimant's subsequent efforts to work within his restrictions. The WCJ found Dr. Sing's testimony that "Claimant's symptoms from his work injury of August 3, 2015[,] disabled [] Claimant again on August 5, 2016," credible and convincing, citing Dr. Sing's role as Claimant's treating physician, his clinical observations of Claimant, and Claimant's medical records and diagnostic test results. (*Id.* ¶ 11.) The WCJ further credited Dr. Sing's opinions "that Claimant's symptoms are not likely to stop and that . . . Claimant's treatment was reasonable and necessary and continues to be necessary." (*Id.*) The WCJ did not find Dr. Manzione's testimony regarding Claimant's full recovery to be credible or convincing as it conflicted with "Claimant's credible testimony, a thorough review of the medical records, diagnostic tests and opinions of Dr. . . . Sing, Claimant's treat[ing] physician." (*Id.* ¶ 12.) Finally, the WCJ did not find Dr. Reinhardt's UR Report to be credible or convincing because the WCJ credited Claimant's and Dr. Sing's testimony that, although Claimant could return to full-duty work, Claimant was not fully recovered from his work injuries and needed ongoing medical treatment. (*Id.* ¶ 13.)

Based on the credited evidence, the WCJ held that Claimant met his burden of proving his entitlement to the reinstatement of his compensation benefits as of August 5, 2016, due to Claimant again experiencing symptoms from the August

6

2015 work injuries that resulted in a recurrence of his loss of earnings. (2018 WCJ Decision, Conclusion of Law (COL) ¶ 2.) The WCJ also held that Employer did not meet its burden of proving that Claimant was fully recovered from his work injuries or that Dr. Sing's medical treatment was not reasonable or medically necessary. (*Id.* ¶¶ 3-4.) Accordingly, the WCJ granted the Reinstatement Petition and UR Petition and denied the Termination Petition. The WCJ ordered Employer to pay Claimant ongoing wage loss benefits beginning August 5, 2016, and into the future, with Employer receiving credit for the short-term disability and unemployment Claimant received and the authority to modify those benefits based on any wages Claimant earned. (*Id.* ¶ 5; Amended Decision, November 11, 2018, R.R. at 198a.)

### D. The Board's Opinion

Employer appealed to the Board, conceding that Claimant had "a recurrence of total disability from August 10, 2016[,] through November 20, 2017," but arguing that Claimant's loss of earnings after November 21, 2017, was not due to his work injuries but to his preexisting back conditions. (Board Opinion (Op.) at 3.) Citing the fact that the WCJ credited the testimony of Claimant and Dr. Sing over that of Dr. Manzione, the Board found no error in the 2018 WCJ Decision. (*Id.* at 6-7.) According to the Board, Claimant met his burden of proving that his earning capacity was again adversely affected by his work injuries, and Employer did not prove that Claimant was fully recovered from those work injuries. (*Id.* at 7.) Employer also argued the WCJ erred in finding Claimant's challenged treatment to be reasonable and necessary. Noting that the WCJ did not credit either Dr. Reinhardt's UR Report or Dr. Manzione's testimony, the Board held Employer did not satisfy its burden of proving that Dr. Sing's treatment was not reasonable and necessary. (*Id.* at 8-9.) Finally, Employer argued the WCJ's opinion was not well reasoned and did not

address evidence that supported Employer's position. The Board found no deficiency in the 2018 WCJ Decision because, after summarizing the evidence, the WCJ made credibility determinations in which he articulated the reasons for those determinations. This, the Board concluded, allowed it to perform adequate appellate review of that decision. (*Id.* at 10.) For these reasons, the Board affirmed the 2018 WCJ Decision. Employer now petitions this Court for review.[7]

## II. Discussion

### A. *The Parties' Arguments*

On appeal, Employer argues the WCJ erred in granting the Reinstatement and UR Petitions and denying the Termination Petition. Employer contends "[t]he overwhelming and uncontradicted evidence" established that Claimant was fully recovered from his work-related herniated disc and aggravation thereof as of November 21, 2017, the date of the MRI showing no herniated disc, and could return to his full-duty position as of August 28, 2017, the date Dr. Sing released Claimant to do so. (Employer's Brief (Br.) at 8.) As there is no MRI showing Claimant continues to have a herniated disc, Employer argues, the WCJ's acceptance of Dr. Sing's testimony that Claimant suffers an ongoing aggravation of that herniated disc is not supported by the record and is "irrational and capricious." (*Id.* at 12.) Rather, Employer maintains, Claimant's inability to return to his full-duty position is the result of his preexisting back disease, and Employer should not be required to rehire Claimant to perform duties that will only result in Claimant being reinjured. Employer further asserts the WCJ erred in relying on Dr. Sing's testimony to grant

---

[7] This Court's scope of review in workers' compensation appeals "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

8

the UR Petition because Dr. Sing has a financial interest in the outcome and Dr. Manzione is an "independent" physician who agreed with Dr. Reinhardt's opinions. (*Id.* at 9.)

Claimant responds the 2018 WCJ Decision is based on substantial evidence and the WCJ did not capriciously disregard any evidence. As to the Reinstatement Petition and Termination Petition, Claimant asserts Employer's arguments are based on his full recovery from a work-related herniated disc and aggravation thereof, which reflects Employer's misunderstanding of Claimant's adjudicated work injuries. According to Claimant, his work injuries include a L5-S1 disc hernia and the aggravation of the degenerative disease in his lower back. Therefore, Claimant argues, the fact that the herniated disc may have resolved does not mean he is fully recovered in light of Dr. Sing's credited testimony that Claimant had not recovered from all of his work injuries and Claimant's credited testimony that he suffers ongoing pain. Claimant further contends Employer's reliance on his release to full duty is misplaced because a return to full-duty work is not synonymous with full recovery and his loss of earnings is based on Employer's refusal to accommodate his restrictions and termination of his employment. As for the UR Petition, Claimant asserts Employer bore the burden of proof on that petition and could not meet its burden because its evidence was not credited, a determination not subject to appellate review. Employer's assertions that Dr. Sing could not testify in defense of his treatment and that Dr. Manzione is independent are without merit, Claimant argues, because who else is better capable of defending a treatment than the prescribing physician and Dr. Manzione was Employer's witness. Finally, Claimant contends Employer's arguments are improper credibility challenges, which render

9

Employer's appeal frivolous. Based on the frivolousness of Employer's appeal, Claimant argues attorneys' fees should be imposed here.

### B. General Legal Principles

In this matter, multiple petitions were filed, each with its own burden of proof, which are as follows. A claimant seeking the reinstatement of benefits bears the burden of proving that the claimant's earning power is once again adversely affected and that the disability is a continuation of the disability that arose from the claimant's original claim. *Bufford v. Workers' Comp. Appeal Bd. (N. Am. Telecom)*, 2 A.3d 548, 558 (Pa. 2010). "Once the claimant meets this burden, the burden then shifts to the party opposing the reinstatement petition," which "must show that the claimant's loss in earnings is not caused by the disability arising from the work-related injury." *Id.*

An employer bears the burden of proof in both termination and utilization review proceedings. To obtain a termination of a claimant's benefits, an employer must establish that the claimant has fully recovered from the work-related injury. *GA & FC Wagman, Inc. v. Workers' Comp. Appeal Bd. (Aucker)*, 785 A.2d 1087, 1091 (Pa. Cmwlth. 2001). In order to meet this burden, the employer's medical expert must unequivocally testify, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions, and there are no objective findings that substantiate any ongoing complaints the claimant may have or connect those complaints to the work injury. *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290, 1293 (Pa. 1997). As for UR challenges, employers bear the burden of proving, throughout the UR process, that the challenged medical treatment is not reasonable or necessary, regardless of what party

10

prevailed at the initial UR determination level. *Topps Chewing Gum v. Workers' Comp. Appeal Bd. (Wickizer)*, 710 A.2d 1256, 1260-61 (Pa. Cmwlth. 1998).

In addition to these specific burdens of proof, our review in workers' compensation matters is guided by the following principles. The WCJ is the ultimate fact-finder in workers' compensation cases and "has exclusive province over questions of credibility and evidentiary weight . . . ." *Anderson v. Workers' Comp. Appeal Bd. (Penn Ctr. for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010). "The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned," and we are bound by those determinations. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25, 28-29 (Pa. Cmwlth. 2005). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Lombardo v. Workers' Comp. Appeal Bd. (Topps Co., Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). The role of the appellate court is not to reweigh the evidence. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 612 A.2d 434, 437 (Pa. 1992). Further, we are bound by the WCJ's factual findings if they are supported by substantial evidence in the record. *Id.* "Substantial evidence is such relevant evidence a reasonable mind might accept as adequate to support a conclusion." *WAWA v. Workers' Comp. Appeal Bd. (Seltzer)*, 951 A.2d 405, 407 n.4 (Pa. Cmwlth. 2008). When reviewing a WCJ's findings for substantial evidence, the Court reviews the evidence, and all inferences reasonably deducible therefrom, in the light most favorable to the prevailing party. *Id.* It is irrelevant if the record contains evidence that supports findings contrary to those made by the WCJ; rather, the inquiry is whether there is evidence to support those actually made. *Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Prods., Inc.)*, 721 A.2d 1152, 1155-56 (Pa. Cmwlth. 1998).

11

*C. Analysis*

i.    The Reinstatement Petition

Employer first argues that the WCJ erred in granting Claimant's Reinstatement Petition. Employer concedes that Claimant's earning capacity was adversely affected by his work injuries from August 2015 to November 21, 2017. Employer maintains, however, that Claimant's loss of earnings after that date was related to his underlying degenerative disc disease and not his work injuries.

After reviewing the 2018 WCJ Decision and record, we discern no error in granting the Reinstatement Petition. Employer's arguments are based on Dr. Manzione's opinions that Claimant had fully recovered from his work injuries as of November 21, 2017, and that Claimant's inability to perform his full-duty work after that date was due to Claimant's preexisting back condition. However, the WCJ, acting as the ultimate fact-finder and sole arbiter of credibility, did not credit those opinions but instead credited the contrary opinions of Dr. Sing. Further, although Dr. Sing released Claimant to work modified duty in February, April, and May 2017 and, reluctantly, to work full duty in August 2017, **Employer refused** to provide Claimant with any work **and**, ultimately, **terminated Claimant's employment** in March 2018. While Claimant sought and obtained new employment, that employment pays less than his former position with Employer. To the extent Employer contends it should not have to pay workers' compensation benefits or allow Claimant to return to work because his preexisting condition could be reaggravated or further aggravated, "an employer takes an employee as he comes." *Pawlosky v. Workmen's Comp. Appeal Bd. (Latrobe Brewing Co.)*, 525 A.2d 1204, 1209-10 (Pa. 1987). Based on the credited evidence, Claimant met his burden of proving that his earnings were once again adversely affected by his work injuries, and, therefore, there was no error in granting the Reinstatement Petition.

12

ii.    The Termination Petition

Employer next argues the WCJ erred in holding that it did not meet its burden of proof on the Termination Petition. Employer maintains it met its burden of proving Claimant's full recovery through Dr. Manzione's testimony. According to Employer, "Dr. Manzione's testimony was simply more competent and credible than Dr. Sing's testimony and [the WCJ] erred in finding otherwise" because "Dr. Manzione's conclusions were corroborated by the November 2017 lumbar MRI" showing no disc herniation at L5-S1 and only preexisting lumbar degenerative disease. (Employer's Br. at 19-20.) Further, Employer argues, Dr. Sing's opinion that Claimant is not fully recovered is contradicted by his releasing Claimant to full-duty work in August 2017.

After reviewing the 2018 WCJ Decision and record, we discern no error in denying the Termination Petition. Claimant's work injuries, as found in the 2016 WCJ Decision, consist of "a lumbar disc herniation at L5-S1 and an aggravation of degenerative disc and joint disease of the lumbar spine with overlying lumbar facet syndrome, lumbosacral strain and sprain as a result of cumulative trauma from the performance of his [work] duties." (FOF ¶ 2.) Claimant's adjudicated work injuries do not include an aggravation of a L5-S1 disc herniation. Although Dr. Manzione opined that Claimant had recovered from these injuries and that any work restrictions he would impose related to Claimant's preexisting degenerative condition, the WCJ did not credit those opinions but instead credited the contrary opinions of Dr. Sing. These determinations are not subject to appellate review. *Minicozzi*, 873 A.2d at 29.

Nevertheless, Employer maintains these credibility determinations are not supported by the record because the November 2017 MRI revealed no L5-S1 disc herniation and Dr. Sing released Claimant to full-duty work. However, Claimant's

13

work injuries were more extensive than the herniated disc. Therefore, the fact that this one injury may have resolved does **not** mean that **all** of Claimant's work injuries had resolved. Further, the fact that Dr. Sing released Claimant to full-duty work does not render Dr. Sing's testimony inconsistent or the WCJ's acceptance of that testimony subject to reversal. Dr. Sing testified he released Claimant to full duty, not because Claimant had fully recovered, but because Claimant **demanded** that Dr. Sing do so, regardless of whether Claimant was recovered or not. Claimant testified he continued to experience back pain, and Dr. Sing opined that Claimant would always have pain and would be able to perform full-duty work only to the extent Claimant could handle the pain. This credited testimony constitutes substantial evidence to support the WCJ's finding that Claimant was **not** fully recovered from **all** of his work injuries. Moreover, a claimant's return to full duty does not, by itself, support the termination of the claimant's benefits. *Certainteed Corp. v. Workmen's Comp. Appeal Bd. (Wiley)*, 426 A.2d 1282, 1283 (Pa. Cmwlth. 1981). Thus, these are not reasons for the Court to infringe upon the WCJ's evidentiary weight determinations. Because Employer had to show, through credible expert testimony, that Claimant was fully recovered from **all** of his work injuries, and Employer's evidence was not credited, there was no error in the WCJ denying the Termination Petition.

iii.    The UR Petition

Last, Employer argues the WCJ erred in granting the UR Petition.  Employer asserts that the WCJ erred in relying on Dr. Sing's testimony to conclude Dr. Sing's treatment was reasonable and necessary.  Employer cites Dr. Sing's "financial interest" in the outcome of the UR Petition, as compared to Dr. Manzione's "independent" status, for why Dr. Sing's testimony should have been given lesser weight.  (Employer's Br. at 9, 22.)

After reviewing the 2018 WCJ Decision and record, we discern no error in granting the UR Petition.  Employer's arguments invite this Court to reweigh the evidence, which is beyond our appellate review.  *Bethenergy Mines, Inc.*, 612 A.2d at 437.  Moreover, as Claimant points out, Employer hired Dr. Manzione to testify in support of Employer's challenge to Claimant's continued receipt of benefits and continued payment for Dr. Sing's treatment.  Therefore, Dr. Manzione is not the "independent" expert Employer claims him to be.  Ultimately, the WCJ credited Dr. Sing's testimony that Claimant was not fully recovered and needed the challenged medical treatment over the opinions of Dr. Manzione and Dr. Reinhardt.  Because the WCJ did not credit Employer's evidence, Employer could not meet its burden of proving that the challenged medical treatment was not reasonable and necessary, and we discern no error in granting the UR Petition.

iv.    Attorneys' Fees

Finally, we address Claimant's request for attorneys' fees. Citing *Wells Fargo Co. v. Workers' Compensation Appeal Board (Pacheco)*, 764 A.2d 1147, 1151 (Pa. Cmwlth. 2000), and *Budd Co. v. Workmen's Compensation Appeal Board (Bradley)*, 601 A.2d 1322, 1325 (Pa. Cmwlth. 1992), Claimant maintains that Employer's

15

appeal is frivolous because its arguments merely challenge the WCJ's evidentiary weight determinations. Where an appeal is frivolous, Claimant argues, attorneys' fees should be awarded. Employer provides no argument in response to Claimant's request.

The precedent upon which Claimant relies cites Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, as the basis for awarding attorneys' fees where an appeal is frivolous. Rule 2744 provides in relevant part:

> In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
>
> > (1) a reasonable counsel fee . . .
>
> if it determines that an appeal is frivolous . . . . The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.

Pa.R.A.P. 2744. "A frivolous appeal is one in which no justiciable question is presented and which is readily recognizable as devoid of merit and with little prospect of success." *Budd Co.*, 601 A.2d at 1325. An award of attorneys' fees is left to the discretion of this Court. *Newcomer Prods. v. Workers' Comp. Appeal Bd. (Irvin)*, 826 A.2d 69, 75 (Pa. Cmwlth. 2003).[8]

Claimant's request is based on his contention that Employer's appeal merely challenges the WCJ's credibility determinations and requests the Court to reweigh the evidence. An appeal is frivolous where the petitioner's "appeal consist[s] of

---

[8] Although Claimant cites Section 440(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a), the precedent upon which he relies and his arguments relate to attorneys' fees granted pursuant to Rule 2744 based on the frivolousness of an appeal. Accordingly, we apply the latter standard in considering Claimant's request for attorneys' fees.

16

nothing more than an invitation to this Court to re-assess the credibility of the witnesses and the weight to be accorded to the evidence." *Newcomer Prods.*, 826 A.2d at 75. As reflected in the above analysis, Employer's arguments are predicated upon accepting Dr. Manzione's opinions and testimony, rather than Dr. Sing's opinions and testimony. This is confirmed by Employer's brief, which reflects that its arguments are that its evidence was "substantial, competent and credible" and should have been accepted and that "Dr. Manzione's testimony was simply more competent and credible than Dr. Sing's testimony." (Employer's Br. at 19-20, 23.) However, the WCJ weighed that evidence, found the latter more credible and convincing than the former, and gave reasons for doing so that were supported by the record. Through its arguments, Employer "invit[es] . . . this Court to re-assess the credibility of witnesses and the weight to be accorded to the evidence." *Newcomer Prods.*, 826 A.2d at 75. As such, its appeal is frivolous. *Id.* In accordance with Rule 2744, we will remand this matter to the WCJ, as the fact-finder, to determine the amount of attorneys' fees associated with Employer's frivolous appeal.

### III. Conclusion

Because the WCJ did not err in holding that Claimant met his burden of proof on the Reinstatement Petition and that Employer did not meet its burdens of proof on the Termination Petition or show that the challenged medical treatment was not reasonable and necessary for the UR Petition, we affirm the Board's Order. Further, because Employer's appeal asks this Court to revisit the WCJ's credibility and evidentiary weight determinations, its appeal is frivolous under Rule 2744, and we grant Claimant's request for attorneys' fees. This matter is remanded for the Board

17

to remand to the WCJ to make a determination as to the amount of attorneys' fees due to Claimant.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aqua Pennsylvania, Inc.,       :
                Petitioner    :
                         :
       v.             :    No. 1202 C.D. 2019
                         :
Workers' Compensation Appeal    :
Board (McGonigle),            :
                Respondent    :

## **O R D E R**

**NOW**, May 14, 2020, the Order of the Workers' Compensation Appeal Board (Board) is hereby **AFFIRMED**. Kevin McGonigle's (Claimant) request for attorneys' fees due to the frivolousness of Aqua Pennsylvania Inc.'s appeal is **GRANTED**, and this matter is **REMANDED** for the Board to remand to the Workers' Compensation Judge for a determination as to the amount of attorneys' fees due to Claimant.

Jurisdiction relinquished.

 

_____
**RENÉE COHN JUBELIRER,** Judge