**John WENEY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (MAC SPRINKLER SYSTEMS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 1, 2008.

Decided Nov. 26, 2008.

Larry Pitt, Philadelphia, for petitioner.

Lawrence C. Beck, Plymouth Meeting, for respondent.

BEFORE: McGINLEY, Judge, COHN JUBELIRER, Judge, and BUTLER, Judge.

OPINION BY Judge COHN JUBELIRER.

John Weney (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), which reversed a Workers' Compensation Judge's (WCJ) decision and order granting Claimant's second Petition to Review Compensation Benefits (Review Petition II). The issue presented in this case is whether Claimant's Review Petition II, through which he sought to add additional injuries to the Notice of Compensation Payable (NCP) issued by Mac Sprinkler Systems, Inc. (Employer), was barred by the doctrines of technical res judicata and/or collateral estoppel. Because Claimant's Review Petition II was barred by the doctrine of technical res judicata, we affirm.

The relevant facts in this case are as follows. On October 21, 2005, during the course and scope of his employment, Claimant fell from a ladder and sustained a left shoulder strain. As a result of his injury, Claimant was unable to work.

Employer acknowledged Claimant's work injury through a Notice of Temporary Compensation Payable (NTCP), which was later converted into the NCP.

On March 27, 2006, Claimant filed an initial Petition to Review Compensation Benefits (Review Petition I), seeking to amend the NCP to include a left shoulder injury in the nature of a tear of the anterior labrum with large glenohumeral joint effusion, tendonitis or a partial tear of the supraspinatus/infraspinatus, minimal impingement, and biceps tenosynovitis. The parties entered into a Stipulation of Facts (Stipulation) through which they agreed that the NCP should be amended to include the additional shoulder injuries asserted by Claimant. On May 19, 2006, the WCJ issued a decision and order adopting the Stipulation and granting Claimant's Review Petition I. Neither party appealed this decision and order.

On May 30, 2006, Claimant filed his Review Petition II, seeking to further amend the NCP to include four herniated discs at the C2–3, C3–4, C4–5, and C5–6 levels, which he alleges that he sustained as a result of the October 21, 2005 work incident. In response, Employer filed an Answer in which it: (1) denied the allegations set forth in Claimant's Review Petition II; and (2) alleged that Claimant's Review Petition II was barred by the doctrines of technical res judicata and/or collateral estoppel. Thereafter, the WCJ held two evidentiary hearings at which the parties were given the opportunity to present evidence regarding Claimant's Review Petition II.

In support of his Review Petition II, Claimant testified that he experienced pain in his neck following the October 21, 2005 work incident and that he had reported this to his treating physicians. Claimant also presented the deposition testimony of

one of his treating physicians, Stephen F. Ficchi, D.O., who opined that Claimant had suffered an injury to his neck or cervical spine in the form of herniated discs at the C2–3, C3–4, C4–5, and C5–6 levels as a result of the October 21, 2005 work incident.

In opposition to Claimant's Review Petition II, Employer presented the deposition testimony of Gene Levin, M.D., who conducted an independent medical evaluation of Claimant on August 9, 2006. Dr. Levin opined that Claimant may have sustained a cervical strain as a result of the October 21, 2005 work incident, which may have temporarily exacerbated an underlying condition of cervical spondylosis and disc degeneration.

Following the hearings, the WCJ issued a decision and order in which he credited the testimony of Claimant and Dr. Ficchi and discredited Dr. Levin's testimony. Based on these credibility determinations, the WCJ found that Claimant had sustained herniated discs at the C2–3, C3–4, C4–5, and C5–6 levels as a result of the October 21, 2005 work incident. The WCJ further found that the NCP was materially incorrect to the extent that it did not reflect these injuries. Correspondingly, the WCJ granted Claimant's Review Petition II and amended the NCP to include Claimant's herniated discs. The WCJ did not address Employer's allegation that Claimant's Review Petition II was barred by the doctrines of technical res judicata and/or collateral estoppel.

■ Employer subsequently appealed the WCJ's decision and order to the Board, alleging that the WCJ had erred in failing to address Employer's defenses of technical res judicata and/or collateral estoppel. In responding to Employer's arguments, the Board opined as follows:

After a careful review of the record, we conclude that Claimant was preclud-

ed from filing the instant Review Petition [Review Petition II] to amend the description of injury on the NCP to reflect other injuries that he sustained on October 21, 2005. On March 27, 2006 Claimant filed the previous Review Petition [Review Petition I] alleging additional work injuries regarding his left shoulder. Claimant then entered into a Stipulation which was adopted by the [WCJ] in his May 19, 2006 decision amending the NCP to include additional left shoulder injuries resulting from Claimant's October 21, 2005 work injury. Subsequently, on May 30, 2006, Claimant filed the instant Review Petition [Review Petition II] alleging additional work injuries to his neck, which resulted from the same October 2005 fall. To support [the Review Petition II], he presented Dr. [F]icchi's testimony, who stated that on March 27, 2006, he informed Claimant that his neck pain was related to his work injury. Dr. Ficchi also noted that an MRI performed on April 25, 2006 indicated disc protrusions at the C2–3, C3–4, C4–5 and C5–6 levels. In addition, Claimant stated that he had neck pain subsequent to his fall and he acknowledged that he reported pain in his neck when he first sought treatment for his injury. Therefore, because Claimant was aware of the work-relatedness of his neck injury during the prior litigation, he should have raised it at that time because the parties were addressing additional injuries that Claimant sustained as a result of the October 2005 fall. *Henion [v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.),* 776 A.2d 362 (Pa.Cmwlth.2001)]. Therefore, we agree that Claimant's Review Petition [Review Petition II] was barred. . . .

(Board Op. at 7–8.) Accordingly, the Board reversed the WCJ's decision and

order. Claimant now petitions this Court for review.[1]

On appeal, Claimant argues that the Board erred in concluding that he was precluded from filing his Review Petition II to further expand the description of injury in the NCP to include his herniated discs. Specifically, Claimant contends that technical res judicata does not apply here because there is no identity of the cause of action in that the prior proceedings pertained to a work-related left *shoulder* injury and did not involve an allegation and/or an adjudication of a *neck or cervical spine* injury. Further, Claimant contends that collateral estoppel does not apply here because the existence of a neck or cervical spine injury was neither litigated nor necessary to the determination in the prior proceedings, which dealt only with a left shoulder injury. Additionally, Claimant contends that Section 413(a) of the Workers' Compensation Act (Act)[2] allows a WCJ to amend the description of injury contained in a notice of compensation payable at any time if it is proven that the description is materially incorrect. Claimant contends that his filing of the Review Petition I, which was resolved through the Stipulation, did not divest the WCJ of the authority to further amend the description of injury contained in the NCP. Relying on *Budd Co. v. Workmen's Compensation Appeal Board (Bradley)*, 144 Pa.Cmwlth. 533, 601 A.2d 1322 (1992), *Carney v. Workmen's Compensation Appeal Board (Pitts-*

*burgh Paper Stock Co.)*, 119 Pa.Cmwlth. 143, 546 A.2d 152 (1988), and *Furmanek v. Workmen's Compensation Appeal Board (Consolidation Coal Co.)*, 64 Pa.Cmwlth. 367, 439 A.2d 1359 (1982), Claimant contends that this Court has previously allowed claimants to seek and obtain amendments to notices of compensation payable, despite prior agreements and/or amendment proceedings. Claimant asserts that the description of injury, as initially set forth in the NCP and later amended in response to his Review Petition I, was materially incorrect in that it did not reflect his herniated discs, which he successfully proved were caused by the October 21, 2005 work incident. According to Claimant, the NCP's failure to accurately reflect the extent of his disability conflicted with the concern that was sought to be addressed by Section 413(a)—to ensure that compensation is fair. Claimant, thus, contends that the WCJ acted within his authority in further amending the description of injury to include Claimant's herniated discs.

In response, Employer argues that the Board properly concluded that Claimant was precluded from filing his Review Petition II. Particularly, Employer contends that Claimant's Review Petition II was barred by the doctrine of collateral estoppel because: (1) the issue decided as to Claimant's Review Petition I—the nature and extent of Claimant's injury—was iden-

---

1. "Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated." *Sysco Food Servs. of Phila. v. Workers' Compensation Appeal Board (Sebastiano)*, 940 A.2d 1270, 1273 n. 1 (Pa.Cmwlth.2008).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771. Section 413(a) of the Act provides, in relevant part:

A workers' compensation judge may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

77 P.S. § 771.

tical to the issue raised in Claimant's Review Petition II; (2) there was a final judgment on the merits; (3) the parties were identical and had a full and fair opportunity to litigate the issue; and (4) the Stipulation was essential to the WCJ's decision. Relying on *C.D.G., Inc. v. Workers' Compensation Appeal Board (McAllister)*, 702 A.2d 873 (Pa.Cmwlth.1997), Employer also contends that Claimant failed to prove a change of physical condition or circumstances related to his neck or cervical spine since the last legal proceeding addressing the nature and extent of his disability. Further, relying on *Henion*, Employer contends that Claimant's Review Petition II was barred by the doctrine of technical res judicata because Claimant was aware of his neck or cervical spine injury during the proceedings on his Review Petition I and, thus, should have litigated such injury at that time, but failed to do so. In addition, Employer contends that Claimant's reliance on *Budd Co., Carney*, and *Furmanek* is misplaced because, unlike in those cases, here the parties entered into the Stipulation, which was approved by the WCJ, and Section 413(a) does not permit a WCJ's order to be set aside. Employer asserts that Claimant voluntarily entered into the Stipulation and that the burden was on him to ensure that the Stipulation accurately contained all of the information he knew about the extent of his work injury at that time. According to Employer, Claimant is now essentially attempting to disavow his own agreement through his Review Petition II, which he cannot do.

■ We will begin our review with a brief explanation of the doctrines of technical res judicata and collateral estoppel. Initially, we note that technical res judicata and collateral estoppel are both encompassed within the parent doctrine of res judicata, which "prevents the relitigation of claims and issues in subsequent proceedings." *Henion*, 776 A.2d at 365.

■ Under the doctrine of technical res judicata, often referred to as claim preclusion, "when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded." *Id.* In order for technical res judicata to apply, there must be: "(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Id.* at 366. Technical res judicata may be applied to bar "claims that were actually litigated as well as those matters that *should have been* litigated." *Id.* (emphasis added). "Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Id.*

■ The doctrine of collateral estoppel, often referred to as issue preclusion, "is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated." *Pucci v. Workers' Compensation Appeal Board (Woodville State Hosp.)*, 707 A.2d 646, 647–48 (Pa.Cmwlth. 1998). Collateral estoppel applies where:

(1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

*Id.* at 648.

■ Turning now to the present case, we conclude that technical res judicata ap-

plies and that Claimant's Review Petition II was barred.[3] Our prior decision in *Henion* supports this conclusion. In that case, the claimant filed a claim petition alleging that he had sustained an injury to his right hand and right index finger as a result of a work incident that occurred on April 12, 1995, and the WCJ denied the claimant's claim petition. *Henion*, 776 A.2d at 363–64. The claimant subsequently filed another claim petition alleging that he sustained an injury in the form of carpal tunnel syndrome in both his right and left hands as a result of the April 12, 1995 work incident. *Id.* at 364. The claimant also filed a review petition requesting that the notice of compensation payable, through which the employer had previously acknowledged that the claimant sustained a specific loss of one-half of his right long finger as a result of the April 12, 1995 work incident, be amended to include carpal tunnel syndrome. *Id.* The WCJ determined that the subsequent claim petition and review petition were barred by res judicata, and the Board affirmed the WCJ's determination. *Id.* at 365. On appeal, this Court determined that neither technical res judicata nor collateral estoppel applied to bar the claimant's petitions. *Id.* In concluding that technical res judicata did not apply, Judge Friedman, writing for this Court, explained:

> Not only is there no evidence that the issue of carpal tunnel actually was litigated, there is nothing to suggest that the issue should have been litigated so as to bar the claim in a later proceeding. Dr. Witham's testimony states that, at the time of her examination on May 16, 1995, Claimant's symptoms were only suggestive of carpal tunnel syndrome,

and the symptoms had not yet been confirmed by an EMG. It was not until a year later, on May 20, 1996, that Dr. Grossinger first diagnosed Claimant with carpal tunnel syndrome after Dr. Grossinger performed an EMG and confirmed the presence of the syndrome. Certainly, Claimant should not have litigated the issue of carpal tunnel syndrome during the earlier claim petition proceeding because, at that time, there was no concrete evidence that the syndrome existed.

*Id.* at 366 n. 9 (citations omitted).

Here, the subject matter of both the Review Petition I and Review Petition II proceedings was the nature and extent of the injuries that Claimant sustained as a result of the October 21, 2005 work incident, and the ultimate issue in both proceedings was whether the NCP accurately reflected the nature and extent of Claimant's injuries. *Cf. Merkel v. Workers' Compensation Appeal Board (Hofmann Indus.)*, 918 A.2d 190, 193 (Pa.Cmwlth. 2007) (concluding that the subject matter in both the old and new review petition proceedings was the employer's calculation of the claimant's average weekly wage in connection with the claimant's March 13, 1998 work injury and that the ultimate issue in both proceedings was whether the employer erred in calculating the average weekly wage). Although Claimant did not actually litigate the specific issue of his neck or cervical spine injury during the earlier proceedings on his Review Petition I, the record evidence clearly establishes that he should have done so. That is, Claimant testified that he experienced pain in his neck following the October 21, 2005 work incident and that he had reported experiencing such pain to his treating phy-

---

**3.** We note that, while the Board stated that Claimant's Review Petition II was barred based on "collateral estoppel," it is clear from the Board's opinion that it was, in fact, applying the doctrine of technical res judicata.

sicians. (WCJ Hr'g Tr. at 5–9, December 13, 2006.) Moreover, Dr. Ficchi testified that, when Claimant first came to him for treatment on March 27, 2006, Claimant complained of cervical neck pain. (Ficchi Dep. at 9–10.) Dr. Ficchi also testified that an MRI performed on April 25, 2006, revealed disc herniations at the C2–3, C3–4, C4–5, and C5–6 levels, which was consistent with Claimant's complaints of neck pain. (Ficchi Dep. at 12–13, 17.) Further, when asked on cross-examination whether he had advised Claimant the first time that he saw him, on March 27, 2006, of his belief that Claimant's neck pain was related to the October 21, 2005 work incident, Dr. Ficchi responded, "Yes. I did." (Ficchi Dep. at 9, 29.) Thus, unlike in *Henion,* this testimony provides concrete evidence that Claimant was aware of the injury to his neck or cervical spine and its relatedness to the October 21, 2005 work incident during the earlier proceedings on his Review Petition I, which spanned from March 27, 2006 to May 19, 2006. As Claimant was aware of the injury to his neck or cervical spine and its relatedness to the October 21, 2005 work incident during the proceedings on his Review Petition I, he should have litigated such injury at that time. In fact, he signed and dated his Review Petition II on May 22, 2006, only 5 days after the Stipulation was sent to the WCJ and only 3 days after the WCJ adopted the Stipulation and amended the NCP to include those injuries. Therefore, since Claimant attempted to raise a matter through his Review Petition II that should have been litigated during the earlier proceedings on his Review Petition I, Claimant's Review Petition II was barred by technical res judicata. *See Henion,* 776 A.2d at 366; *see also Merkel,* 918 A.2d at 193 (holding that the doctrine of technical res judicata barred a claimant from raising a matter that could have, *or should have,*

been raised in an earlier review petition proceeding).

■ Claimant is correct in his assertion that Section 413(a) of the Act gives a WCJ the authority to amend notices of compensation payable that are determined to be materially incorrect. 77 P.S. § 771. However, Section 413(a) of the Act must be applied in a manner that is consistent with the doctrines of technical res judicata and collateral estoppel. The purpose behind the Act "is to provide *quick and certain benefits* to employees of the Commonwealth who suffer from work-related injuries." *Ramich v. Workers' Compensation Appeal Board (Schatz Elec. Inc.),* 564 Pa. 656, 665, 770 A.2d 318, 323 (2001) (emphasis added). We believe that application of the doctrine of technical res judicata here will help to ensure that benefits are provided to injured workers in a "quick and certain" manner. *See McCarthy v. Township of McCandless,* 7 Pa. Cmwlth. 611, 300 A.2d 815, 819 (1973) (recognizing that the doctrines of technical res judicata and collateral estoppel serve as important means of promoting certainty and efficiency). Application of the doctrine of technical res judicata will also help to protect the integrity of the workers' compensation system. That is, if we were to allow amendments to notices of compensation payable pursuant to Section 413(a) in situations such as this one, the result would be that litigants could file piecemeal review petitions without any justification for doing so, thereby requiring others to continually waste time and resources defending against issues that should have been raised in earlier proceedings. *Cf. Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 534 Pa. 327, 330–31, 632 A.2d 1302, 1304 (1993) (applying issue preclusion to bar a modification/termination petition seeking to relitigate the original medical diagnosis under-

lying a WCJ's finding of disability and noting that failure to do so would result in claimants continually being harassed with petitions and hearings at which they would be forced to redemonstrate or redefend their claims). We do not believe that the General Assembly intended to provide for such an absurd result. *See* Section 1922 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1922(1) (It is to be presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable."). Instead, we believe that the General Assembly intended for litigants to raise any issues of which they are aware, and know to be related to a particular work incident, during the same review petition proceedings. This approach allows WCJs to exercise their authority to make amendments to notices of compensation that are proven to be materially incorrect, while, at the same time, promoting administrative economy and efficiency within the workers' compensation system.[4]

Furthermore, although Claimant relies upon *Budd Co., Carney,* and *Furmanek* to support his argument, we believe that such reliance is misplaced. In those cases, this Court upheld the authority of WCJs to modify supplemental agreements that were materially incorrect pursuant to Section 413(a). *Budd Co.,* 601 A.2d at 1324–25; *Carney,* 546 A.2d at 154–55; *Furmanek,* 439 A.2d at 1361–62. However, none of those cases dealt with the factual situation that is presently before us wherein a claimant, through a review petition, seeks to have a notice of compensation payable amended to include additional injuries of which he was aware, and knew to be related to a particular work incident, during

earlier review petition proceedings. Thus, *Budd Co., Carney,* and *Furmanek* do not control the outcome of this case.

For the reasons discussed above, we conclude that the Board did not err in determining that Claimant was precluded from filing his Review Petition II to further amend the description of injury in the NCP. Accordingly, the Board's order is affirmed.

## *O R D E R*

**NOW,** November 26, 2008, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

4. In fact, we note that the WCJ, in reviewing Claimant's Review Petition II, commented that Claimant did not raise all the alleged injuries in Dr. Ficchi's testimony, and so, the WCJ did not make any credibility decisions regarding those injuries, perhaps leaving those open for yet another review petition.