IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christine Schrader,                          :
                    Petitioner               :
                                             :
         v.                                  : No. 812 C.D. 2016
                                             : Submitted: January 2, 2018
Workers' Compensation Appeal                 :
Board (Pocono Medical Center                 :
and QUAL-LYNX),                              :
                    Respondents              :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                       FILED: January 30, 2018


         Christine Schrader (Claimant) petitions for review of the order of the

Workers' Compensation Appeal Board (Board) affirming the order of a Workers'

Compensation Judge (WCJ) granting Pocono Medical Center and QUAL-LYNX's

(Employer) termination petition.  For the following reasons, we affirm.


         The issue in this case is whether a stipulation made to resolve a

petition to review compensation benefits that contains a materially-incorrect

description of Claimant's injuries is precluded from being amended when Claimant

was aware that the description was incorrect when she entered into it.

On September 30, 2006, Claimant sustained a work-related injury. A supplemental agreement dated May 14, 2007, identified Claimant's work injury as a right knee strain/meniscal tear. The agreement also stated that Employer recognized Claimant as totally disabled from October 8, 2006, to April 30, 2007, and compensated her accordingly. Following her voluntary resignation from employment with Employer, Claimant's benefits were suspended.

Claimant then filed a petition to review compensation benefits requesting an amendment to the description of her injury to include a meniscal tear of the right knee. In order to resolve the petition to review compensation benefits, on January 12, 2009, WCJ Alan Harris adopted a stipulation of the parties (Stipulation) in which Claimant and Employer agreed that: "Based upon the evidence available, the Defendant/Employer and its insurance company agree to amend the Notice of Compensation Payable in this matter to recognize **the work injury as a meniscal tear in the right knee."** (Board's Opinion at 1.) Additionally, the parties agreed that Claimant's disability benefits would be reinstated as of May 1, 2007.

In July 2014, Employer filed a petition to terminate compensation benefits with a physician's affidavit stating that Claimant had fully recovered as of May 2, 2014, from the accepted work injury, a strain/meniscal tear of the right knee. Claimant denied the allegations.

Before the WCJ, Employer offered the deposition testimony of Dr. David Cooper, M.D. (Dr. Cooper), board certified in orthopedic surgery. Dr.

2

Cooper testified that he reviewed Claimant's medical records back to 2009. He noted that a previous MRI indicated a medial meniscus tear, but that in reviewing Claimant's records, it had been determined the meniscus was intact. Dr. Cooper testified that Claimant's meniscus was normal, there was no evidence she was still suffering from the right knee strain, and, based only on the accepted work injury, Claimant could return to work in her full capacity. However, Dr. Cooper also explained that Claimant still had significant problems with her right knee due to her anterior cruciate ligament (ACL) reconstruction.

In opposition, Claimant offered the deposition testimony of Dr. Maurizio Cibischino, M.D. (Dr. Cibischino), board certified in orthopedic surgery and Claimant's treating orthopedic physician with regard to her right knee. Dr. Cibischino testified that after he examined Claimant on December 3, 2006, he ordered an MRI of Claimant's right knee which indicated that Claimant had a partial thickness tearing of her ACL and a possible meniscal tear. He stated that on January 23, 2007, he performed an arthroscopy which revealed that while there was a significant injury to Claimant's ACL, there was no tearing of the medial meniscus, the accepted work injury. He further testified that to correct the ACL tear, he performed an endoscopically-assisted ACL reconstruction. Dr. Cibischino diagnosed Claimant's original work injury as a significant ACL tear or right knee sprain.[1]

---

[1] Claimant testified that her injury caused her right knee to lock after prolonged positioning, she had muscle atrophy in her right leg, she had pain in her right knee that limited her activities, and she relied on her left leg to compensate for her right leg frequently giving out.

Concluding that Employer satisfied its burden of demonstrating that Claimant had fully recovered from the accepted work injury, the WCJ granted Employer's termination petition, found Claimant's testimony regarding her ongoing knee problems to be credible, and that Dr. Cibischino's testimony "would support the argument that the meniscus was never torn and therefore was not, in fact, repaired." (Reproduced Record (R.R.) at 17.) However, the WCJ held that he was unable to amend the description of the work injury to include the ACL injury because the parties did not reserve this right in the Stipulation. Because both experts testified that Claimant did not have knee complications due to a torn meniscus or knee strain in her right knee, the WCJ determined that Claimant had recovered completely from the accepted work injury.

Claimant appealed this decision to the Board, arguing, *inter alia*, that the WCJ erred in failing to amend the description of Claimant's work injury to indicate her ACL tear, as well as contending that Employer's expert opinion was equivocal.

In affirming the decision not to amend the Stipulation, the Board noted that although Dr. Cibischino performed an arthroscopy which confirmed that there was significant injury to the ACL, the arthroscopy also confirmed that the medial meniscus was not torn, though the Stipulation provided that the initial work injury was a meniscal tear of the right knee. The Board held, even though Employer's expert's opinion was that Claimant had completely recovered from a *meniscal* tear and strain of the right knee, because this addressed the *accepted*

4

work injury, that Dr. Cooper's testimony was competent and unequivocal to support termination of benefits for that injury.

As to Claimant's request to add the ACL tear to the description of her injury, the Board found that the WCJ properly denied the request. Relying on *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949 (Pa. Cmwlth. 2008),[2] it reasoned that because Claimant was aware of

---

[2] In *Weney*, we set forth the criteria necessary to establish res judicata and collateral estoppel:

> "Initially, we note that technical res judicata and collateral estoppel are both encompassed within the parent doctrine of res judicata, which 'prevents the relitigation of claims and issues in subsequent proceedings.' *Henion [v. Workers' Compensation Appeal Board (Firpo & Sons, Inc.)]*, 776 A.2d [362,] 365 [(Pa. Cmwlth. 2001)].
>
> Under the doctrine of technical res judicata, often referred to as claim preclusion, 'when a final judgment on the merits exists, a future suit between the parties on the same cause of action is precluded.' *Id.* In order for technical res judicata to apply, there must be: '(1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued.' *Id.* at 366. Technical res judicata may be applied to bar 'claims that were actually litigated as well as those matters that should have been litigated.' *Id.* '*Generally, causes of action are identical when the subject matter and the ultimate issues are the same in both the old and the new proceedings.*' *Id.*
>
> The doctrine of collateral estoppel often referred to as issue preclusion, 'is designed to prevent relitigation of an issue in a later action, despite the fact that the later action is based on a cause of action different from the one previously litigated.' *Pucci v. Workers' Compensation Appeal Board (Woodville State Hospital)*, 707 A.2d 646, 647-48 (Pa. Cmwlth. 1998). Collateral estoppel applies where:

**(Footnote continued on next page…)**

5

the ACL injury at the time of the Stipulation, Claimant was barred by technical res judicata from challenging the description of the work injury during the proceedings on the termination petition. The Board also held that the WCJ did not err in not amending the Stipulation so long after the accepted work injury occurred when the parties did not reserve their right to do so. This appeal followed.[3]

Claimant argues that the Board and the WCJ erred in determining it was not able to amend the Stipulation to indicate an ACL tear as her initial work injury. Citing to our Supreme Court's decision in *Cinram Manufacturing, Inc. v. Workers' Compensation Appeal Board (Hill)*, 975 A.2d 577 (Pa. 2009), she argues that Section 413(a) of the Workers' Compensation Act[4] (Act) allows a WCJ to

---

**(continued…)**

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with the party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment. *Id.* at 648.

*Weney*, 960 A.2d at 954 (emphasis in original).

[3] "This Court's review of an order of the Board determines whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed." *Walter v. Workers' Compensation Appeal Board (Evangelical Community Hospital)*, 128 A.3d 367, 371 (Pa. Cmwlth. Ct. 2015).

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 771. Section 413(a) provides, in relevant part, as follows:

**(Footnote continued on next page…)**

change the description of a claimant's initial work injury to amend a materially-incorrect description of the injury. Because all the evidence shows that her initial work injury was actually an ACL tear of the right knee and not a meniscus tear, Claimant asserts the Stipulation can be amended to include that injury because the accepted work injuries were materially incorrect.

Section 413(a) of the Act allows a WCJ to amend a notice of compensation payable (NCP) or a supplemental agreement that is incorrect in some material aspect. In *Cinram Manufacturing*, our Supreme Court elaborated on Section 413(a) and explained that making this type of "corrective amendment" to an accepted work injury does not require a review petition. *Id.* at 580-81. A WCJ can order the correction where the evidence supports it and the employer is aware that a corrective amendment is a matter in controversy in the proceeding. *Walter v. Workers' Compensation Appeal Board (Evangelical Community Hospital),* 128 A.3d 367, 372 (Pa. Cmwlth. 2015).

------

**(continued…)**

> A workers' compensation judge of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such workers' compensation judge, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

*Id.*

7

Not disagreeing that a WCJ may amend a materially-incorrect NCP, citing to *Weney,* Employer argues that it cannot be amended here because technical *res judicata* bars Claimant from challenging the description of the accepted work injury contained in the Stipulation as the parties did not reserve the right to later challenge the description of the injury within the Stipulation. Because both medical experts testified that Claimant was fully recovered from the accepted work injury, Employer asserts the WCJ properly terminated benefits.

In *Weney*, the question was whether a claimant was "barred by the doctrines of technical res judicata and/or collateral estoppel" from seeking to add additional injuries to an NCP where he and the employer, in a prior petition to review compensation benefits, filed a stipulation agreeing to amend the claimant's NCP to add an additional injury, but the claimant did not seek to include in that stipulation the injuries at issue in the second petition to review, even though the claimant knew of those injuries at the time he entered into the stipulation. We concluded that technical res judicata applied because the subject matter of the claimant's first review petition, which was ended by the stipulation adding an additional injury to his NCP, and the second review petition, in which he sought to include additional injuries to his NCP, was the "nature and extent of the injuries that [the c]laimant sustained as a result of the . . . work incident" and "the ultimate issue in both proceedings was whether the NCP accurately reflected the nature and extent of [the c]laimant's injuries." *Weney*, 960 A.2d at 955. This Court held that, although the claimant did not actually litigate the injuries he sought to add in the second proceeding in the first proceeding, the "record evidence clearly establishes that he should have done so" because he was aware of those injuries at the time of

the first proceeding. *Id.* at 955-56. We further held that Section 413(a) of the Act, which provides a WCJ with "the authority to amend [NCPs] that are determined to be materially incorrect," must be "applied in a manner that is consistent with the doctrines of technical res judicata and collateral estoppel." *Id.* at 956.

In this case, while the description of the work injury contained in the Stipulation may be materially incorrect, under *Weney*, technical res judicata precludes Claimant the ability to amend the description of the injuries contained in the Stipulation. Like in *Weney*, at the time the Stipulation was entered in January 2009, Claimant did not attempt to correct the description of her work-related injury to add the ACL injury, even though she knew of that injury at the time the Stipulation and order adopting the Stipulation were entered. In addition, like in *Weney*, the Stipulation, adopted by a WCJ order, involved the nature and extent of the work injuries which is the same issue involved in her attempt to amend the description of the injuries.[5]

Accordingly, the order of the Board is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[5] Claimant also argues that the Board erred in granting Employer's termination petition because Employer's expert gave equivocal medical testimony. However, we reject that argument as Dr. Cooper testified that Claimant had fully recovered from the meniscus tear because all the medical evidence now revealed that it was intact.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christine Schrader,                     :
                    Petitioner          :
                                        :
        v.                              : No. 812 C.D. 2016
                                        :
Workers' Compensation Appeal            :
Board (Pocono Medical Center            :
and QUAL-LYNX),                         :
                    Respondents         :

# **O R D E R**

AND NOW, this 30<u>th</u> day of <u>January</u>, 2018, the order of the Workers' Compensation Appeal Board dated May 3, 2016, is affirmed.


_____
DAN PELLEGRINI, Senior Judge