# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse R. May,                        :
              Petitioner        :
                        :
          v.               :   No. 872 C.D. 2023
                        :   Submitted: June 6, 2024
Dana Corporation (Workers'   :
Compensation Appeal Board),   :
              Respondent   :


BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE STACY WALLACE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE DUMAS                     FILED: July 9, 2024

      Jesse R. May (Claimant), proceeding *pro se*, has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) to grant a motion to dismiss filed by Dana Corporation (Employer). We affirm.

## I. BACKGROUND[1]

      Claimant sustained four work-related injuries: on January 29, 1990, September 15, 1990, October 8, 1993, and March 11, 1999. The nature and extent of those injuries is not at issue.

---

[1] The background to this case is complex and spans multiple decades. Unless stated otherwise, we adopt the background for this case from the WCJ's decision, which is supported by substantial evidence of record. *See* WCJ's Dec., 11/8/22.

In 2003, with the assistance of counsel, Claimant executed four compromise and release agreements (C&R Agreements). Claimant agreed to resolve wage loss benefits for each work-related injury, and Claimant reserved the right to receive continuing payments from Employer for medical expenses for each injury except for the 1993 injury. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A22-0801, Docket Entry No. 28, Ex. D-01 (WCJ Dec., 1/12/04) (reviewing the agreements in detail and concluding that Claimant entered into them voluntarily and with full understanding).

In 2018, Claimant filed several petitions, asserting that Employer had failed to pay certain medical expenses, generally challenging the validity of the C&R Agreements, but specifically asserting that Employer had fraudulently induced Claimant into the agreement ending his medical benefits for the 1993 injury. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A20-0719, WCJ's Dec., 7/30/20.[2] The WCJ denied the petitions, finding no evidence of fraud and finding further that Claimant fully understood the legal significance of the C&R Agreements.[3] *See id.* at 6. Claimant appealed to the Board, which affirmed, and in turn, this Court affirmed as well. *See May v. Dana Corp. (Workers' Comp. Appeal*

---

[2] Employer acknowledged its failure to pay certain bills and subsequently paid all outstanding bills for which it was responsible. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A20-0719, WCJ's Dec., 7/30/20, at 5.

[3] Specifically, the WCJ found:

> Based upon the evidence of record, notwithstanding Claimant's assertion that he did not understand and was railroaded into the agreements, there is no indication of that in the record before me except Claimant's assertion. The evidentiary record from the C&R approval hearing and the four agreements with their specific and clear provisions belie [Claimant's] claim. His allegations are contrary to facts of record. I find that Claimant was aware of the full legal significance of the four agreements and their effect upon his rights when he testified on December 19, 2003.

*Id.* at 6.

*Bd.)* (Pa. Cmwlth., No. 575 C.D. 2021, filed July 21, 2022) (*May I*), 2022 WL 2840515.

Claimant did not seek permission to appeal our decision in *May I* but rather sought a rehearing with the Board, asserting newly discovered evidence including a statement from Employer that purported to acknowledge its ongoing obligation to pay medical expenses related to the 1993 injury. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. REH-7048A20-0719, Pet. for Reh'g, 9/30/22, Ex. (First Hearing Filing). The First Hearing Filing appears to be a 2014 request for a WCJ to direct that Claimant submit to an independent medical examination (IME) and includes a statement that "[a]lthough indemnity has been resolved, Employer remains responsible for medical treatments that are causally related to fours [sic] separate dates of injury[,] and it is entitled to have [C]laimant examined to determine the current status of [C]laimant's injuries."[4] *Id.*

The Board denied a rehearing without opinion; Claimant again appealed to this Court, which affirmed. *See May v. Dana Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1511 C.D. 2022, filed January 12, 2024) (*May II*), 2024 WL 136718. The *May II* Court noted that Claimant sought a rehearing from the Board after this Court's final decision in *May I*. *See id.*, slip copy at *4. Thus, "the Board lacked jurisdiction to entertain a petition for rehearing." *Id.* (citing, *inter*

---

[4] Eventually, a WCJ directed Claimant to submit to an IME in 2015. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A22-0801, Docket Entry No. 22, Ex. C-07 (IME R., 4/7/15). It remains unclear when Claimant first learned of the First Hearing Filing. He did not introduce the First Hearing Filing into evidence while this matter was before the WCJ in 2018-20, but quoted from the document in his appeal to the Board following the WCJ's decision entered July 30, 2020. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A22-0801, Docket Entry No. 30, Ex. D-03 (Claimant's Appeal to Bd., 8/19/20).

3

*alia*, *Kuriakose v. Workmen's Comp. Appeal Bd. (J.F. Kennedy Hosp.)*, 681 A.2d 1389 (Pa. Cmwlth. 1996)).[5]

The instant matter arose in April 2022, when Claimant again filed several petitions again challenging the validity of the C&R Agreements.[6] At an initial hearing to frame the issues, Claimant introduced the First Hearing Filing as evidence that Employer recognized its ongoing commitment to pay his medical bills for all of his work-related injuries, including the 1993 injury, and had fraudulently induced him into the Agreements. *See generally* Notes of Testimony (N.T.) Hr'g, 6/2/22. In response, at a second hearing that occurred after this Court issued the *May I* decision, Employer filed a motion to dismiss asserting that Claimant's claim had been previously litigated and decided. *See* N.T. Hr'g, 7/28/22, at 7.

The WCJ granted the Employer's motion. WCJ's Dec., 11/8/22, at 6. Importantly, the WCJ specifically rejected Claimant's reliance on the First Hearing Filing because this document did not exist in 2003 when the parties entered into the C&R Agreements and because it lacked probative value to Claimant's claim that the C&R Agreements should be void for fraud. *Id.* at 5-6. Claimant appealed to the Board, which affirmed the WCJ's decision. Claimant timely appealed to this Court.

## II. ISSUES

We discern two issues raised by Claimant. First, whether the Board erred in affirming the WCJ's decision that this matter was barred by principles of

---

[5] Additionally, in the alternative, the *May II* Court questioned the significance of Claimant's newly discovered evidence. *See May II*, slip copy at *4-6. (rejecting Claimant's contention that the First Hearing Filing rehabilitated Claimant's credibility and reiterating that the record from the 2003 proceedings, including Claimant's own testimony, demonstrated that Claimant understood and accepted the terms of the C&R Agreements).

[6] Although the Board recognized that these petitions were related to the same WCAIS claim number, it assigned to them a different docket. *See May v. Dana Corp.*, WCAIS Claim No. 970888, Docket No. A22-0801.

4

res judicata and collateral estoppel. Second, whether the Board violated Claimant's right to due process by not enforcing Section 1102 of the Workers' Compensation Act (Act).[7, 8]

### III. DISCUSSION[9]

**A. Claimant is Collaterally Estopped from Challenging the C&R Agreements**

Claimant asserts that res judicata and collateral estoppel do not apply because Employer concealed evidence from Claimant, which prevented him from fully and fairly litigating the validity of the Agreements. *See* Pet'r's Br. at 7; Pet'r's Reply Br. at 1.3. According to Claimant, the First Hearing Filing "clearly states [Employer's] responsibility [for] ongoing medical [payments]" related to his 1993 injury. Pet'r's Br. at 7. Claimant also suggests that the validity of this document is beyond question because it was submitted and accepted by another WCJ in 2014 and, thus, is *itself* subject to the principles of res judicata. *See id.* For these reasons, Claimant asks that this Court reverse the Board's adjudication.[10]

---

[7] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of July 2, 1993, P.L. 190, 77 P.S. § 1039.2.

[8] We have reframed the issues for ease of analysis. Claimant identifies four issues. *See* Pet'r's Br. at 4. However, subsumed within Claimant's issue challenging the Board's res judicata analysis, Claimant argues that the Board wrongfully relied on prior decisions in this matter. *See id.* Additionally, subsumed within his second issue regarding Section 1102, Claimant asserts that this Court risks "rewarding . . . deceptive and misleading statements . . . concealing evidence vital to an agency determination[.]" *Id.*

[9] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Hollis v. C&R Laundry Servs. LLC (Workers' Comp. Appeal Bd.)*, 299 A.3d 1086, 1091 (Pa. Cmwlth. 2023).

[10] Claimant's argument is difficult to parse and generally lacks development. We acknowledge that Claimant also states that "[Employer's] motion must fail as res judicata/collateral estoppel doctrines were not created or intended to be used as a vehicle to violate [the] Workers['] Compensation Act, [and] rules of civil procedures and ethics, and violate [Claimant's] constitutional rights of due process." Pet'r's Br. at 7. We decline to address these bald assertions in detail but note they lack support or discernible merit.

5

For its part, Employer responds that the elements of both res judicata and collateral estoppel have been met. *See* Employer's Br. at 9-15. Employer also and specifically rejects Claimant's assertion that he was deprived of a full and fair opportunity to litigate the nature and extent of his work-related injuries and the validity of the C&R Agreements. *See* Resp't's Br. at 14-15. Noting the extensive history of this litigation, the prior dispositions of this Court, and Claimant's opportunity to further appeal to the Pennsylvania Supreme Court, Employer concludes that "Claimant cannot just simply restart new litigation of the same issues that were previously fully adjudicated by filing new [p]etitions before a WCJ as he did here." *Id.* at 15.

The Court has long recognized that the doctrine of collateral estoppel may preclude a party from relitigating the validity of a compromise and release agreement. *See, e.g.*, *Stiles v. Workers' Comp. Appeal Bd. (Dep't of Pub. Welfare)*, 853 A.2d 1119 (Pa. Cmwlth. 2004) (*en banc*). "The principles of res judicata and collateral estoppel bar the relitigation of claims and issues that have previously been decided." *Linton v. Workers' Comp. Appeal Bd. (Amcast Indus. Corp.)*, 991 A.2d 376, 381 (Pa. Cmwlth. 2010). "It is often difficult to distinguish between res judicata and collateral estoppel." *Id.*; *see also Hebden v. Workmen's Comp. Appeal Bd. (Bethenergy Mines, Inc.)*, 632 A.2d 1302, 1304 (Pa. 1993) (recognizing the distinction as "somewhat sloppy"). "[R]es judicata has come to encompass the effect of one judgment upon a subsequent trial or proceeding . . . [whereas] [c]ollateral estoppel is generally invoked when the second action between the same parties is upon a different claim or demand." *Fiore v. Dep't of Env't Res.*, 508 A.2d 371, 374-75 (Pa. Cmwlth. 1986).

Collateral estoppel applies where

> (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party in the prior case and had a full and fair opportunity to litigate the issue; and (4) the determination in the prior proceeding was essential to the judgment.

*Weney v. Workers' Comp. Appeal Bd. (Mac Sprinkler Sys., Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008).

Claimant does not meaningfully dispute that he has previously litigated, to final resolution, the validity of the C&R Agreements with Employer. *See generally* Pet'r's Br. Rather, Claimant suggests that he has uncovered new evidence, deceptively and fraudulently concealed by Employer, that should alter our analysis of his claim. *See id.*

An approved compromise and release agreement can be set aside upon a clear showing of fraud, deception, duress, or mutual mistake. *Su Hoang v. Workers' Comp. Appeal Bd. (Howmet Aluminum Casting, Inc.)*, 51 A.3d 905, 908 (Pa. Cmwlth. 2012); *see, e.g.*, *N. Penn Sanitation, Inc. v. Workers' Comp. Appeal Bd. (Dillard)*, 850 A.2d 795, 801 (Pa. Cmwlth. 2004) (affirming a Board adjudication setting aside an agreement for mutual mistake). This is a claim rooted in the common law and predates the Act. *See Emery v Mackiewicz*, 240 A.2d 68 (Pa. 1968). At common law, settlement of matters in dispute is favored in the absence of fraud or mistake. *Schlosser v. Weiler*, 105 A.2d 331, 333 (Pa. 1954). Further, subjective post hoc judgments concerning the plain terms of a stated bargain should not void a valid settlement. *See Steuart v. McChesney*, 444 A.2d 659, 663 (Pa. 1982).

"Fraud is a calculated deception." *Donahue v Workers' Comp. Appeal Bd. (Phila. Gas Works)*, 856 A.2d 230, 236 (Pa. Cmwlth. 2004). A party alleging

7

fraud must prove the following elements by clear and convincing evidence: (1) a misrepresentation, (2) knowledge of the misrepresentation, (3) intention by the misrepresenter that the recipient will be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient. *Id.*

"The concealment of a material fact can amount to a culpable misrepresentation no less than does an intentional false statement." *Nazareth Mut. Ins. Co. v. Pa. Ins. Dep't*, 298 A.3d 140, 150 (Pa. Cmwlth. 2023) (quoting *Moser v. DeSetta*, 589 A.2d 679, 682 (Pa. 1991)). "However, there must be a deliberate intent to deceive." *Id.* (quoting *Rohm & Haas Co. v. Cont'l Ins. Co.*, 781 A.2d 1172, 1179 (Pa. 2001)).

Here, the WCJ reviewed Claimant's evidence and, after thoughtful consideration, determined that "it has absolutely no probative value on the question of whether Claimant was directly or indirectly defrauded into signing the settlement agreements." WCJ's Dec., 11/8/22, at 6.

We agree. The First Hearing Filing does not clearly establish, or even suggest, that Employer fraudulently induced Claimant into the C&R Agreements. As the Board reasoned, it is merely a document that was prepared, more than a decade later, in support of Employer's efforts to compel Claimant's attendance at an IME, and although it may contain inaccurate language, "[i]t does not serve as a party admission acquiescing to pay for something for which [Employer] had no continuing obligation." Bd.'s Op., 6/7/23, at 8. We discern no intent to deceive Claimant. Further, even if the WCJ had credited this document as evidence of Employer's subjective belief that it remained liable for medical expenses related to Claimant's 1993 injury, this belief could not alter the plain terms agreed upon in the C&R Agreements.

Claimant has failed to come forward with clear evidence of fraud, and the prior decisions issued by the WCJs assigned to this matter, the Board, and this Court demonstrate that Claimant has had ample opportunity to litigate this issue fully and fairly. For these reasons, we agree that Claimant is collaterally estopped from relitigating the validity of the C&R Agreements. *See Nazareth Mut. Ins. Co.*, 298 A.3d at 150; *Linton*, 991 A.2d at 381; *Weney*, 960 A.2d at 954.

## B. Section 1102

Claimant also asserts that Employer violated Section 1102 of the Act, 77 P.S. § 1039.2, by concealing the First Hearing Filing from Claimant. *See* Pet'r's Br. at 6-8. Employer rejects the assertion because it was wholly irrelevant to the propriety of the C&R Agreements. *See* Resp't's Br. at 16.

Section 1102 prohibits a person from "[m]ak[ing] or caus[ing] to be made any knowingly false or fraudulent statement with regard to entitlement to benefits with the intent to discourage an injured worker from claiming benefits or pursuing a claim." *See* 77 P.S. § 1039.2(8).

Initially, we note that there is simply no evidence of record, credited or not, that Employer concealed the First Hearing Filing from Claimant. Moreover, as we have discussed, this document does not constitute evidence of fraud. Finally, and as suggested by Employer, considering that Claimant entered into the C&R Agreements approximately ten years before Employer drafted the First Hearing Filing, it had no bearing on Claimant's informed decision to enter into the C&R Agreements. We conclude that this claim is devoid of merit.

Accordingly, we affirm the Board's order.

_____
**LORI A. DUMAS, Judge**

9

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jesse R. May, : 
         Petitioner : 
          : 
         v. :   No. 872 C.D. 2023 
          : 
Dana Corporation (Workers' : 
Compensation Appeal Board), : 
         Respondent : 

**O R D E R**

AND NOW, this 9th day of July, 2024, the order of the Workers' Compensation Appeal Board, entered June 7, 2023, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**