IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Zeller, : 
               Petitioner : 
   : 
          v. : No. 1482 C.D. 2024
   : 
City of Philadelphia : Submitted: October 7, 2025
(Workers' Compensation Appeal : 
Board), : 
            Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MATTHEW S. WOLF, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED: November 3, 2025

William Zeller (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) to dismiss his claim petition (Claim Petition) filed under the Workers' Compensation Act (Act)[1] seeking workers' compensation (WC) benefits from the City of Philadelphia for injuries he sustained as a result of contracting COVID-19. Claimant challenges the Board's determination that the issue he raised in the Claim Petition is barred by *res judicata* principles. After careful consideration, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

## Background

      The relevant facts and procedural history of this case are as follows. Claimant worked as a police officer for the City of Philadelphia (Employer) for approximately 18 years. On March 5, 2021, while assigned to the Center City district, he tested positive for COVID-19. Employer designated Claimant's first 10 months out of work as "E Time" in its payroll system and he received full pay without depleting his sick or vacation time.[2] In January of 2022, Employer notified Claimant that after 60 days, he would need to use his sick or vacation time if he remained out of work, which he later began using. On January 25, 2022, Employer issued a Notice of WC Denial (NCD) on the basis that there was no medical evidence supporting a work-related COVID-19 exposure.

      Claimant filed reinstatement and penalty petitions in March of 2022, alleging that Employer unilaterally terminated his WC benefits after it had accepted the claim for his injury by paying him wages in lieu of compensation (Reinstatement Petition).[3] By decision and order circulated on February 17, 2023, WCJ Michael Rosen denied the Reinstatement Petition, making the following findings:

> 13. This Judge finds that Claimant's COVID-19 diagnosis is
> not work-related, as he did not submit any medical evidence

---

[2] In a previous litigation involving Claimant, we explained that "E-Time is excused time from work that enables employees to receive their salary and accrue benefits without depleting personal leave time." *Zeller v. City of Philadelphia (Workers' Compensation Appeal Board)*, (Pa. Cmwlth., No. 463 C.D. 2024, filed March 11, 2025), slip op. at 1 n.2 (unreported).

[3] "Payments in lieu of compensation are any voluntary or informal compensation, apart from the Act, paid with the intent to compensate for a **work-related injury**." *Stewart v. City of Philadelphia (Workers' Compensation Appeal Board)*, 335 A.3d 1250, 1258 (Pa. Cmwlth. 2025) (emphasis added).

to show that his COVID-19 condition from March 2021 and ongoing and his absence from work was causally connected to his work duties including his exposure to the public while performing his job duties as a policeman for [Employer].

. . . .

2. Claimant has failed to show through substantial, competent medical evidence that as of March 21, 2021, or any other date, his COVID-19 illness was causally related to his work duties for [Employer] that required medical treatment or resulted in a loss of earning power.

(WCJ Rosen Decision, 2/17/23, at 7) (case citation omitted).

Claimant appealed WCJ Rosen's decision to the Board,[4] and on February 7, 2024, while the matter was pending, he filed the instant Claim Petition alleging that he suffers from "longhaul COVID" that he "contracted [] in the course of performing his duties as a City of Philadelphia police officer." (Reproduced Record (R.R.) at 15a.) Claimant identified March 5, 2021, as the date of injury and indicated that he was "uncertain if he contracted the virus while technically on Police Department property, on 'the street' performing his duties as a police officer, at City Hall as part of his Mayor's detail work or the various other locations involved in his police work." (R.R. at 15a.) Employer filed a motion to dismiss the Claim Petition as barred by the doctrine of *res judicata*, as Claimant was seeking to relitigate the ultimate issue raised in his Reinstatement Petition, which was then pending on appeal.

By decision circulated on April 5, 2024, WCJ Denise Krass dismissed the Claim Petition, concluding that Claimant was precluded from filing it because he raised issues identical to those pending on appeal before the Board. Claimant appealed to the Board, which affirmed WCJ Krass's decision by opinion and order issued October 16,

---

[4] The Board ultimately affirmed WCJ Rosen's decision denying the Reinstatement Petition. On appeal to this Court, we affirmed the Board's decision by memorandum opinion filed March 11, 2025. *See Zeller* (Pa. Cmwlth., No. 463 C.D. 2024, filed March 11, 2025).

2024. In doing so, the Board rejected Claimant's argument that the issues raised in the Claim Petition were not identical to those litigated in the prior Reinstatement Petition and concluded that technical *res judicata* principles barred him from relitigating his COVID-19 injury claim. (Board Op., 10/16/24, at 3, 5.) The Board also emphasized that Claimant chose to pursue in his Reinstatement Petition the legal theory that his receipt of E Time payments were wages paid in lieu of WC benefits and that he could have simultaneously litigated a claim petition but chose not to do so. *Id.* at 5. This petition for review followed.

### **Discussion**[5]

On appeal, Claimant challenges the dismissal of his Claim Petition based on *res judicata* principles by arguing Employer failed to establish the requisite factors of "identity of the thing sued upon or for" or "identity of the cause of action." (Claimant's Br., at 11-12.) Claimant acknowledges that WCJ Rosen determined in the Reinstatement Petition litigation that Claimant failed to establish his COVID-19 injury was work related but argues that this finding was wholly irrelevant to the disposition of that action. *Id.* at 9-10, 14. Claimant additionally maintains that dismissal of his Claim Petition is inconsistent with the humanitarian purposes of the Act, which are remedial in nature and must be liberally construed in his favor to fulfill its objectives. *Id.* at 15.

We begin by observing that "the doctrine of *res judicata* encompasses two related, yet distinct, principles: technical *res judicata* (claim preclusion) and collateral estoppel (issue preclusion)." *Boulin v. Brandywine Senior Care, Inc. (Workers'*

---

[5] Our standard of review is "limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated." *Wright v. Workers' Compensation Appeal Board (Larpat Muffler, Inc.)*, 871 A.2d 281, 284 (Pa. Cmwlth. 2005).

4

*Compensation Appeal Board)*, 307 A.3d 845, 851 (Pa. Cmwlth. 2024). At issue in the instant case is technical *res judicata*, which provides that "when a final judgment on the merits exists, a future suit between the same parties on the same cause of action or claim is precluded." *Id.* "In order for technical *res judicata* to apply, there must be: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949, 954 (Pa. Cmwlth. 2008). "Technical *res judicata* may be applied to bar claims that were actually litigated as well as those matters that **should have been** litigated." *Id.* (emphasis in original). Additionally, with regard to the second criteria, causes of action are generally identical "when the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Id.*

In *Weney*, the claimant filed two review petitions related to the same work injury two months apart. The first review petition sought to amend the notice of compensation payable (NCP) to include a shoulder injury and the second petition alleged cervical spine or neck injuries. The evidence showed that the claimant was aware of the injury to his neck or cervical spine and its relatedness to the work incident during the earlier proceedings on his first review petition. *Id.* at 956. In examining whether *res judicata* operated to bar his claim, we observed that the subject matter of both review petition proceedings was the nature and extent of the injuries that the claimant sustained as a result of the work incident, and the ultimate issue in both proceedings was whether the NCP accurately reflected the nature and extent of his injuries. We held that since the claimant attempted to raise a matter through his second

5

review petition that **should have been litigated** during the earlier proceedings, his second petition was barred by technical *res judicata*. *Id.*

Here, after review of the record, we agree with the Board that the instant Claim Petition is barred by the doctrine of technical *res judicata*. First, the thing Claimant sued for in both his prior Reinstatement Petition and the instant Claim Petition is the receipt of WC benefits from Employer arising out of his March 5, 2021 COVID-19 diagnosis. Thus, there is identity for the thing sued for in both actions, *i.e.*, the entitlement to benefits for his COVID-19 related injury. With respect to the second criteria concerning the identity of the causes of action, Claimant has already litigated his claim of entitlement to benefits arising from his March 5, 2021 contraction of COVID-19 in his Reinstatement Petition and is attempting to re-litigate the same ultimate issue through the present Claim Petition. Changing the underlying legal theory from asserting Claimant received benefits in lieu of compensation to a Claim Petition seeking benefits for the same injury does not operate to change the heart of the cause of action, as "the subject matter and the ultimate issues are the same in both the old and the new proceedings." *Weney*, 960 A.2d at 954.

Regarding the last two technical *res judicata* criteria concerning the identity of the parties and their respective capacities, the parties to both the Reinstatement Petition and Claim Petition proceedings are Employer and Claimant, and no issue has been raised as to their capacities to sue or be sued. Thus, the four technical *res judicata* criteria are met.

Further, as the Board noted, Claimant originally filed only the Reinstatement Petition and could have instead simultaneously litigated a claim petition but chose not to do so. We reiterate that technical *res judicata* applies to bar claims that were actually litigated, as well as those matters that **should have been** litigated.

6

*See Weney*, 960 A.2d at 954. This is also why Claimant's assertion that WCJ Rosen was not required to consider the work-relatedness of his COVID-19 diagnosis during the prior proceeding and that the issue of causation is instead relevant in the new litigation, misses the mark, because Claimant should have litigated all claims arising from his March 5, 2021 injury together.[6]

Lastly, with respect to Claimant's contention that dismissal of his Claim Petition is inconsistent with the humanitarian objectives of the Act, we are mindful that the Act must be liberally construed to effectuate its humanitarian purposes. *VNA of St. Lukes Home Health/Hospice, Inc. v. Ortiz (Workers' Compensation Appeal Board)*, 319 A.3d 644, 650 (Pa. Cmwlth. 2024). However, we must also interpret the Act in a manner that is consistent with the doctrine of technical *res judicata*. *Weney*, 960 A.2d at 956. When applied in appropriate circumstances, as is the case here, technical *res judicata* helps to protect the integrity of the WC system, because it prevents litigants from filing "piecemeal review petitions without any justification for doing so, thereby requiring others to continually waste time and resources defending against issues that should have been raised in earlier proceedings." *Id.*

---

[6] We additionally note our disagreement with Claimant's position that WCJ Rosen's findings concerning the work-relatedness of his injury were irrelevant to the Reinstatement Petition proceedings. As previously noted, those proceedings hinged on whether the E Time payments Claimant received were payments in lieu of compensation, and our caselaw is clear that "[p]ayments in lieu of compensation are any voluntary or informal compensation, apart from the Act, paid with the intent to compensate for a **work-related injury**." *Stewart*, 335 A.3d at 1258 (emphasis added); *see also Dickerson v. Workers' Compensation Appeal Board (A Second Chance Inc.)*, 229 A.3d 27, 32 (Pa. Cmwlth. 2020); (same). Additionally, Employer issued the NCD to Claimant denying liability for benefits on the basis that there was no medical evidence supporting a **work-related** COVID-19 exposure. Thus, the issue of causation was relevant to the Reinstatement Petition litigation.

Accordingly, based on the foregoing, we conclude that the Board did not err in affirming WCJ Krass's dismissal of the Claim Petition under the principle of *res judicata*.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Dumas did not participate in the decision for this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Zeller, : 
               Petitioner : 
                : 
           v. :   No. 1482 C.D. 2024
                : 
City of Philadelphia : 
(Workers' Compensation Appeal : 
Board), : 
               Respondent : 

## ***ORDER***

AND NOW, this 3rd day of November, 2025, the Order of the Workers' Compensation Appeal Board dated October 16, 2024, is hereby AFFIRMED.

 

 

PATRICIA A. McCULLOUGH, Judge